## GABRIEL (A FREEDMAN) *vs.* THE STATE.

[INDICTMENT FOR LARCENY OF MULE.]

1. *Sufficiency of indictment.*—An indictment which, in one count, charges that the defendant "did steal a mule, the personal property of J. L.", and in another count that he "did steal a horse, mare, gelding, colt, filly, or mule, the personal property of J. L.", substantially conforms to the provisions of the Code, and is sufficient.
2. *Variance as to ownership of stolen property.*—Under an indictment against a freedman for the larceny of a mule, alleged to be the property of *J. L. Terrell*, the prisoner's confession that he had taken "*Mass' Lee's* mule",—is not competent evidence, without proof of the identity of *J. L. Terrell* as "*Mass' Lee*"; and the admission of such confession is an error which will work a reversal of the judgment, although the bill of exceptions states that the defendant was on trial for the larceny of a mule, "the property of *Lee Terrell*", and no specific objection was made to the evidence on the ground of variance.
3. *General objection to evidence.*—A general objection, not specifying any particular ground, is sufficient to exclude evidence which, as applied to the pleadings in the cause, is illegal on its face; as in a case of variance.

FROM the Circuit Court of Marengo.
Tried before the Hon. JAMES COBBS.

THE indictment in this case was found on the 24th March, 1866, and contained two counts; the first count charging

that the defendant, who was described as "Gabriel, a freed-man", "did steal a mule, the personal property of J. L. Ter-rell"; and the second, that he "did steal a horse, mare, geld-ing, colt, filly, or mule, the personal property of J. L. Ter-rell." The defendant demurred to the indictment, but with-out specifying any grounds of demurrer, so far as the record discloses. The court overruled the demurrer, and issue was then joined on the plea of not guilty. On the trial, at the special November term, 1866, the following bill of excep-tions was reserved by the defendant:

"On the trial of this cause, Gabriel, the defendant, being on trial upon an indictment for the larceny of a mule, the property of Lee Terrell, F. N. Kitchell, a witness for the State, testified as follows: Some two months before the last of September, or the first of October, 1865, witness being superintendent on the plantation of Lee Terrell, near Day-ton in said county, drove the defendant from the plantation, and ordered him never to return. Whilst on the place, de-fendant plowed a one-eyed mule regularly. On Saturday night, on or about the last of September, or the first of October, 1865, the mule, which was the property of Lee Terrell, was in the pasture, and was missing from the pas-ture the next morning. The next evening, which was Sunday, witness received information that, if he would go to Demopolis, he would hear something about the mule. On Tuesday following, he went to Demopolis, and found the defendant in the calaboose, or guard-house, and had a conversation with him. The State then offered to prove the defendant's declarations to the witness. The court sus-pended the examination, and asked the witness under what [circumstances?] the declarations of the defendant, if any, were made; whether any promises or assurances were made or offered to him, or whether any threats were made to him, to induce him to make any statements, or for any purpose. The witness answered, that he found the defendant in the guard-house, and two or three Federal soldiers, with guns and bayonets, standing guard in front of the door; that he did not know the cause of the arrest; that no promises of favor, or assurances of any kind, were made to the defendant by any one, so far as he knew; that

Gabriel (a freedman) v. The State.

no threats were made, so far as he knew—none were made in his presence, nor was any inducement of any kind held out to him, so far as he knew; and that the conversation was commenced by his asking the defendant how he came to be there. The court then permitted the defendant's counsel to ask the witness questions, touching the circumstances under which the defendant made the statements in said conversation; to which the witness replied as stated above. The court then permitted the declarations to go in evidence to the jury, which were as follows: The defendant said to witness, '*that he was in there for taking Mass' Lee's mule; that he had taken the mule on Saturday night to ride to Demopolis on business, and was going to carry the mule back.*' The defendant, by his counsel, objected to the admission of said declarations as evidence; but the court overruled the objection, and allowed the evidence to go to the jury; to which the defendant excepted. It was in evidence, also, that the mule had never been recovered; that Lee Terrell was absent, and that said witness did not give permission to any one to take the mule. The testimony of this witness was all the evidence in the cause, and his testimony is stated in full."

After conviction, the defendant moved in arrest of judgment, on account of the insufficiency of the verdict, and because "the count under which the defendant was supposed to be convicted does not correspond with the provisions of the statute." The court overruled the motion in arrest, and sentenced the defendant, according to the verdict, to ten years imprisonment in the penitentiary.

J. W. McRae, for the prisoner.

Jno. W. A. Sanford, Attorney-General, contra.

BYRD, J.—Under the provisions contained in chapter seven, title two, part four, of the Code, the indictment is sufficient.

2. The court, on the trial, as shown in the bill of exceptions, admitted, against the objection and exception of the prisoner, the following declaration of the accused as evidence, to-wit: "The defendant said to the witness, he was

in there for taking Mass' Lee's mule; that he had taken the mule on Saturday night, to ride to Demopolis on business, and was going to carry the mule back." The prisoner was indicted for stealing a mule, the property of J. L. Terrell. All the evidence is set out in the record, and there is no evidence tending to show that " Mass' Lee " and J. L. Terrell are the same person. We cannot judicially know, nor could the jury legitimately presume from the evidence, that they were the same person.

3. The evidence objected to, being illegal, should have been excluded by the court. It is evident that the prisoner had in view the objection to its admissibility on the ground that the confession was not voluntary. But the objection is general, and we do not feel authorized to limit the extent of the same. A general objection to the admissibility of evidence is sufficient, if the evidence is illegal upon its face, when applied to the pleadings in the cause. *Cunningham's Ex'r v. Cochran and Estelle*, 18 Ala. 480.

If the State had proposed to prove, or had proved, that " Mass' Lee " and J. L. Terrell were the same person, then the evidence would have been admissible. But, in the absence of such proof or proposal, the evidence was clearly inadmissible. We are satisfied that, upon the facts shown in the bill of exceptions, the declarations of the accused were voluntary, and on that ground should have been admitted, if there had been no valid objection, as above shown.

As the other questions raised by the brief of counsel, may not arise again on another trial, it is unnecessary to express any opinion upon them.

For the error pointed out, the cause must be reversed and remanded, and the prisoner remain in custody until discharged by due course of law.