GAMBLE et al. v. STATE.   (2 Div. 286.)

(Court of Appeals of Alabama.   April 8, 1924.)

1. Criminal law ⚖=693—Objection after question answered held too late.

An objection to a question after the question is answered is too late.

2. Arson ⚖=33—Evidence of discovery of women's tracks leading to accused's home held admissible.

In a prosecution for arson testimony that women's tracks were discovered about the burned building, leading to accused's home held admissible.

3. Criminal law ⚖=1043(3)—Objection to evidence on specific grounds prevents review of other grounds.

Where, in a prosecution for arson, testimony that women's tracks were discovered about the destroyed building was objected to on the ground that many other people had been there and that there was nothing to connect ac-

cused therewith, an objection that the statement that the tracks were "women tracks" was a conclusion of the witness could not be considered on appeal, as the assignment of specific grounds waived all others.

4. Arson ⚖=31—Disputes and threats before offense committed held admissible to show motive.

In a prosecution for arson, disputes between accused and injured party as to division of crops, and threats or declarations made before the offense charged, were admissible to show motive.

5. Criminal law ⚖=1090(16)—Motion for new trial, ruling and exception thereto appearing in record proper only, held not reviewable.

Under Acts 1915, p. 722, the overruling of a motion for a new trial was not presented for review, where the motion, ruling of the court, and exception thereto appeared in the record proper only.

Appeal from Circuit Court, Wilcox County; S. F. Hobbs, Judge.

Margaret Gamble and Roberta Carter were convicted of arson in the second degree, and appeal. Affirmed.

P. E. Jones and S. C. Godbold, both of Camden, for appellants.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

In this case, evidence of the finding of tracks was competent and admissible. Morris v. State, 124 Ala. 46, 27 South. 336; Hodge v. State, 97 Ala. 37, 12 South. 164, 38 Am. St. Rep. 145; Young v. State, 68 Ala. 569; Thornton v. State, 113 Ala. 44, 21 South. 356; Ethridge v. State, 124 Ala. 106, 27 South. 320; 1 Mayfield's Dig. 332; Perry v. State, 87 Ala. 30, 6 South. 425. Any evidence tending to show motive on the part of the defendants was admissible. Winslow v. State. 76 Ala. 42; Prater v. State, 107 Ala. 26, 18 South. 238. Threats on the part of the accused against the owner of the burned building are admissible. Martin v. State, 28 Ala. 71; Hinds v. State, 55 Ala. 145; Hudson v. State, 61 Ala. 333. The motion for new trial, not being incorporated in the bill of exceptions, is not presented for review. Hopkins v. State, 18 Ala. App. 423, 93 South. 40.

BRICKEN, P. J. From a conviction of arson in the second degree these defendants appeal. The indictment charged these two women with having willfully set fire to or burned a barn of William P. Brooks, alias Pat Brooks. Errors are assigned in this case, but no brief in behalf of appellants has been filed.

The evidence in this case shows without

---

dispute that the two-story barn in question burned and was completely destroyed and that the fire was first discovered between 1 and 2 o'clock at night, and that after daylight next morning some of the state's witnesses discovered the tracks of two women at or near the barn, and that these two sets of tracks, which were followed by them, led directly up to the home of these appellants, about one-eighth of a mile away, where both of them spent the night during which the fire occurred.

[1-3] The injured party, Brooks, testified, "Next morning, just as early as you could see, I noticed tracks around there." And upon being asked by the solicitor, "What kind of tracks were they?" he answered "women tracks." After the witness had answered, the record shows that "counsel for defendant objected to anything about tracks next morning and stated that the testimony showed that there were people around there and that there is, further, nothing to connect the defendants." An exception was reserved to the overruling of the objection. In the first place, under the rule, the objection came too late. Null v. State, 16 Ala. App. 542, 79 South. 678; Smith v. State, 16 Ala. App. 546, 79 South. 802. Moreover, evidence of tracks was admissible, and the fact that the footprints testified to in this case were made by two women and led from the place of burning direct to the defendants' home was a circumstance for the consideration of the jury. If the answer of the witness that the tracks were "women tracks" was in the nature of a conclusion of the witness and for this reason objectionable, this question is not presented for the objection interposed was not predicated upon that ground, and by assigning specific grounds of objection the defendant waived all others. The ground of objection here, even if it had been timely, was properly overruled.

[4] If there had been a controversy between the defendant Margaret Gamble and Brooks, the owner of the barn, about the division of crops, proof of such fact would be admissible as tending to show a motive for the burning, and for like reason this defendant's threats, or declarations in the nature of threats before this commission of the offense charged, would also be admissible. The rulings of the court in this connection are clearly free from error.

[5] The motion for new trial is not presented for review. This motion, together with the ruling of the court and the exception thereon, appears in the record proper only. This is not a compliance with the statute. Acts 1915, p. 722. Ross v. State, 16 Ala. App. 393, 78 South. 309; King v. State, 16 Ala. App. 103, 75 South. 692.

The sufficiency of the evidence to sustain the conviction in this case is not questioned or presented, as the affirmative charge for the defendants was not asked, nor were any of the special written charges requested by defendant refused.

No error appearing, the judgment of the circuit court will stand affirmed.

Affirmed.