(101 So. 774)

## HALE v. STATE.   (7 Div. 925.)

(Court of Appeals of Alabama.  Aug. 19, 1924. Rehearing Denied Oct. 7, 1924.)

1. **Criminal law ⬅➡695(2)—General objection to evidence, not patently illegal and irrelevant, unavailing.**

General objection to evidence, not patently and palpably illegal and irrelevant, is unavailing.

2. **Arson ⬅➡33—Criminal law ⬅➡695(2)—Testimony that defendant's foot fitted track held relevant and material.**

In arson prosecution, testimony that "defendant's foot fitted the track snugly" held relevant and material, and general objection thereto unavailing.

3. **Arson ⬅➡31—Evidence of dispute between accused and owner of burned building, and former's threats, held admissible.**

In arson prosecution, evidence of dispute between accused and owner of ginhouse burned as to bale of cotton, and threats, or declarations in nature thereof, by accused before offense charged, held admissible to show motive for burning.

4. **Criminal law ⬅➡693—Objection to question after answer too late.**

Objection to question after answer is too late.

5. **Arson ⬅➡31—Testimony held relevant as tending to show dispute between accused and injured party, and motive for burning.**

In arson prosecution, testimony as to defendant's statement that, if owner of burned ginhouse had him digging coal, it would be for something else besides selling mortgaged cotton, held relevant, as tending to show dispute between accused and injured party about sale of mortgaged cotton, and motive for burning.

6. **Criminal law ⬅➡798(1)—Charge held properly refused as requiring acquittal, if any juror had reasonable doubt of defendant's guilt.**

Charge that "each one of you must be convinced beyond a reasonable doubt that the defendant is guilty" held properly refused, as requiring acquittal if any juror had such doubt.

7. **Criminal law ⬅➡821(2)—Charge on reasonable doubt held properly refused, as omitting "doubt."**

Charge that, "if a reasonable exist in any one of you as to the defendant's guilt, you will find the defendant not guilty," held properly refused, as omitting word "doubt."

8. **Arson ⬅➡40—Evidence held sufficient for jury.**

Evidence held sufficient to take to jury question of defendant's guilt of arson.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Oscar Hale was convicted of arson in the second degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Hale, 212 Ala. 101, 101 So. 775.

Charge 2, refused to defendant, is as follows:

"I charge you, gentlemen of the jury, that each one of you must be convinced beyond a reasonable doubt that the defendant is guilty, and, if a reasonable exist in the minds of any one of you as to the defendant's guilt, you will find the defendant not guilty."

D. T. Ware, of Roanoke, for appellant.

It was error to permit the witness Cofield to testify that defendant's foot fit the track snugly. Livingston v. State, 105 Ala. 127, 16 So. 801; Terry v. State, 118 Ala. 79, 23 So. 776. Counsel argues other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in admission of testimony as to defendant's foot fitting the track. Gamble v. State, 19 Ala. App. 590, 99 So. 662.

FOSTER, J.  The defendant was convicted of arson in the second degree. The evidence for the state was directed to showing that

---

on Sunday night, October 16, 1921, a gin-house and its contents, valued at about $1,500, belonging to J. M. Ballard, was set fire to and burned; that there had been no fire about the gin that day; that persons passing just after dark saw no fire; that the defendant was seen that afternoon on the road which led to the gin; that he pulled off his shoes on the side of the road; that the fire was discovered about 7:30 o'clock at night; that two men's tracks, one wearing shoes, and one barefooted, were found going to and from the gin; that the defendant's foot fitted the barefoot track; that the defendant had been told that Ballard was going to put him in the penitentiary for selling mortgaged property, and defendant had stated that Ballard might put him in the penitentiary, but it would not be for selling mortgaged property; that the defendant had made threats that the ginhouse would not stand for that season. The defendant's evidence tended to show that he did not burn the ginhouse; that he was not there on that Sunday; that he was with some boys all the afternoon, and about an hour before sundown he went to the house of Bud Hale, and then to Buchanan's house, where he remained until 8 or 9 o'clock, and until after the ginhouse was burned.

[1, 2] Upon direct examination, one Cofield, a witness for the state, testified that the "defendant's foot fit the track snugly." Where the evidence elicited is not patently and palpably illegal and irrelevant, a general objection will not avail the defendant. The evidence was relevant and material, no ground of objection was specified, and the court did not err in overruling the objection. On a prosecution for arson, testimony that a man's barefoot track was discovered leading in the direction of, and back away from, the burned building, and that the defendant's foot fitted the track, was admissible. Gamble et al. v. State, 19 Ala. App. 590, 99 So. 662.

[3] State's witness, Tom Garrett, testified that on a certain occasion before the burning, one Buchanan, in the presence of the witness, said something to the defendant about a bale of cotton, and that the defendant said, "If Mr. Ballard gets the bale of cotton, he will lose more than he will gain." Evidence of a dispute between accused and the injured party about a bale of cotton, and threats or declarations in the nature of threats by the accused before the offense charged, were admissible to show a motive for the burning. Gamble et al. v. State, supra.

[4, 5] Jim Emory, a witness for the state, testified:

"He [defendant] and Ballard had a little quarrel. He said, if he dug coal, it would not be for selling mortgaged property."

The state's solicitor asked the witness to "state what they said to Hale that he was answering." The answer was:

"They told him Mr. Jim Ballard would have him digging coal for selling mortgaged property."

The following then appears in the bill of exceptions:

"Defendant's counsel said: I object to the answer.
"The Court: Overruled.
"Defendant's Counsel: We except.
"Witness: He said, if Mr. Jim Ballard had him digging coal, it would be for something else besides selling mortgaged cotton.
"Defendant's Counsel: We move to exclude it, on the ground that it is irrelevant, incompetent, immaterial, and illegal testimony to any issue in this case, and except to the ruling of the court.
"The Court: If I change my ruling, it will be later."

The record fails to show any objection to the question in each case. After answer the objection was too late. However, the evidence was relevant as tending to show a dispute between the accused and the injured party about the sale of mortgaged cotton, and to show a motive for the burning. Gamble et al. v. State, supra.

[6, 7] Charge 2 was faulty and was properly refused. It required an acquittal, if any member of the jury had a reasonable doubt of the guilt of the defendant. It omits the word "doubt," and for that reason also its refusal was proper. It is evident it was intended to write "doubt" into the charge, but we cannot supply the omission.

[8] The general affirmative charge for the defendant was properly refused, as there was ample evidence to justify the verdict of guilt.

The record fails to disclose error, and the judgment of the circuit court is affirmed.
Affirmed.