37 So.2d 229

### HELMS v. STATE.

### 4 Div. 30.

Court of Appeals of Alabama.
June 29, 1948.

Rehearing Denied Aug. 3, 1948.

Douglas Brown, of Ozark, Lowrence K. Andrews, of Union Springs, and J. W. Hicks, of Enterprise, for appellant.

A. A. Carmichael, Atty. Gen., and Hugh F. Culverhouse, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for and by a jury found guilty of assault with intent to murder.

The alleged offense grew out of the pistol shooting of Cy English by appellant.

A reading of the record convinces us that the evidence presented by the state, if believed by the jury under the required rule, was sufficient to support the judgment and verdict herein rendered.

This cause must however be reversed because of the ruling of the court in connection with certain questions propounded by the solicitor to this appellant on cross examination.

Testifying in his own behalf in the trial below the appellant stated that his left arm was crippled to the extent he could not bend the elbow or close the hand, and that he had little use of it. This arm was in the same condition on the day of this difficulty, as it was on the day of the trial. The defendant exhibited his arm to the jury.

It was well within the province of the appellant to show his physical condition on the day of the difficulty, as such testimony sheds light on the issues involved and is competent and relevant. Lambert v. State, 208 Ala. 42, 93 So. 708.

On cross examination of the appellant the record shows the following:

"Q. You say you have got a crippled arm? A. Yes, sir.

"Q. Would you mind telling the jury how you happened to have it? A. This crippled arm—

"Mr. Brown: We object to that.

"The Court: Overrule the objection. He has exhibited his wound to the jury.

"Mr. Brown: We except.

"Q. I will ask you if you didn't get it in a difficulty in which you killed a woman?

"Mr. Brown: We object to the question.

"The Court: Overrule the objection.

"Mr. Brown: Save the exception.

"The Court: Did you or not? You heard the question. "A. I was on the sheriff's force.

"Q. I didn't ask you about the details. I asked you if you didn't get that crippled arm in a difficulty in which you killed a white woman. A. Yes, sir.

"Mr. Brown: We move to exclude the answer.

"The Court: Overrule the motion.

"Mr. Brown: Save the exception."

Ordinarily a general objection without assigned grounds is unavailing. However when the evidence sought is on its face irrelevant and illegal, or inadmissible under any circumstances, and obnoxious to all rules of evidence, a general objection may be sufficient. Gabriel v. State, 40 Ala. 357; Downey v. State, 115 Ala. 108, 22 So. 479; Hale v. State, 20 Ala.App. 270, 101 So. 774. See also 6 Ala.Dig., Criminal Law, ⬳695 (2) for numerous cases enunciating above principles.

The question objected to goes into a former difficulty between this appellant and a stranger to this case which is in nowise a part of the res gestae of this case. It tends somewhat to detail this other difficulty. Certainly the question sheds no light on the identity or intent of the appellant in this case. Its prejudicial tendencies cannot be rationally questioned.

Unless coming under some exception the question as framed violates fundamental evidential rules. No such exception occurs to us, nor do we see how the question could be made admissible by any reframing. Thus, being palably illegal, incompetent and irrelevant, and in our opinion incapable of being made legal, competent, and relevant by any reframing, no burden was placed on the court to cast about for grounds in determining its admissibility. This being so, the general objection interposed must be deemed sufficient in this case.

Other points raised by counsel for appellant in briefs and argument being unlikely to arise in another trial of this cause we refrain from further discussion in the interest of brevity.

This cause must therefore be reversed and it is so ordered.

Reversed and remanded.