93 So.2d 802

**Faye CHICARELLA**

v.

**STATE.**

6 Div. 436.

Court of Appeals of Alabama.

Dec. 4, 1956.

Rehearing Denied Feb. 12, 1957.

John H. Lair, Jr., Birmingham, for appellant.

John Patterson, Atty. Gen., Bernard F. Sykes, and Jas. W. Webb, Asst. Attys. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been found guilty of being a vagrant as defined in Section 437, Title 14, Code of Alabama 1940. The theory on which the State presented its case was that the appellant was guilty of violating subsection (9) of Section 437, supra, which defines a vagrant as "Any person who is a prostitute."

The evidence offered by the State consists of the testimony of several police officers of the City of Birmingham who were members of the vice squad of said police department.

Their testimony was to the effect that the appellant had been seen by them on three occasions in rooms with men within 12 months preceding the filing of the complaint.

On the first occasion the appellant was found in a hotel room with a man, and both were nude. The appellant remarked to the officers on this occasion that the man had given her a twenty dollar bill, and she had

returned ten dollars, she further observing "Imagine me giving somebody some change back."

The second time the appellant was seen in bed with a man, having sexual intercourse.

The man, in the presence of the appellant, stated he had paid the appellant $7 for the date.

The third occasion the appellant was found in bed with a man. She had on a dress, but the man was clothed only in his underwear.

The State also offered evidence tending to show that the appellant was frequently in the company of known prostitutes.

The appellant testifying in her own behalf denied the statement attributed to her by the officers, allegedly made on the first occasion.

She admitted she had had sexual relations on the second occasion, but denied it was for commercial purposes.

The State in rebuttal presented a number of witnesses who testified that appellant's general reputation was bad, and that her reputation for truth and veracity was bad, and that the witnesses would not believe her on oath.

■ That the State's evidence, if believed by the jury, under the required rule, was amply sufficient to sustain the verdict and judgment, is, we think, too clear to require discussion or citation of authority.

■ The appellant's requested charges, which were refused, were refused without error inasmuch as they were either affirmative in nature, or were misleading, abstract under the evidence, or incorrect statements of legal principles applicable.

■ The rulings as to evidence were correct in all but one phase.

It appears that on the direct examination of most of the State's witnesses the Solicitor began his examination by asking the particular witness if he had had occasion to arrest the appellant on a certain date, the date variously being the occasions set out above.

The court overruled the appellant's objections to all such questions. The witnesses after answering in the affirmative then testified in detail as to circumstances under which they had observed the appellant on the three occasions above mentioned.

That a person has been previously arrested is not admissible in evidence, for the reason that an arrest may be unduly made, by biased or overzealous officers. It is only a prior conviction for a crime involving moral turpitude that may be shown, and this for the purpose of affecting a witness' credibility. Lyons v. State, 32 Ala.App. 44, 21 So.2d 339; Rogers v. State, 34 Ala.App. 617, 42 So.2d 642.

■ However, in the present case the statement by the officers that they had arrested the appellant on the dates mentioned was very incidental to the detailed facts recounted by the officers in their ensuing testimony. The fact that they had arrested appellant after such observations could not, we conclude, be deemed to have probably injured the appellant in her substantial rights. We are therefore unwilling to base a reversal of this judgment upon this erroneous ruling. Supreme Court Rules, rule 45, Code 1940, Tit. 7 Appendix.

Affirmed.