251 So.2d 246

**Danny Leon PAUL, alias**

**v.**

**STATE.**

**4 Div. 51.**

Court of Criminal Appeals of Alabama.

May 4, 1971.

Rehearing Denied May 25, 1971.

**116**

Lewis V. Chesser, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was convicted for buying, receiving, concealing, etc., stolen property in the Circuit Court of Covington County. He was sentenced to ten years imprisonment.

The evidence presented by the State, if believed by the jury under the required rule, was sufficient to support the judgment and verdict rendered in the Circuit Court.

The cause must be reversed, however, due to the ruling of the trial court in connection with a question asked by the district attorney on cross-examination.

The stolen property with which the appellant was charged with being illegally involved consisted of a boat, two boat motors, and a boat trailer. The appellant had also been charged with, but had not been tried on, the same offense in connection with a stolen truck and tractor.

Appellant argues that reversible error was committed when the district attorney, on cross-examination of appellant, was permitted on seven different occasions to refer to his connection with this truck and tractor. Of these seven instances referred to by appellant, clearly no error was committed as to six of them. The appellant failed to object to four of them and no error was reserved. Another question asked by the district attorney, to which appellant raised a general objection, called for impeachment evidence and did not refer to the truck and tractor as stolen property. Still another question which appellant generally objected to was sustained by the trial court. Then the following testimony occurred:

"Q. Now you testified that the sheriff's office picked you up down there in Hanes City, Florida, even though you had notified us that you would come at any time?

"A. Yes, sir.

"Q. Of course they picked you up on this stolen truck and tractor; they didn't pick you up on the boat at this time?

"MR. CHESSER: We object.

"THE COURT: Overrule.

"A. I understand it was on the boat."

We consider this reversible error. Ordinarily a general objection without assigning grounds is inadequate to preserve error on review. However, when the evidence sought is manifestly illegal, a general objection is sufficient. Helms v. State, 34 Ala.App. 82, 37 So.2d 229, cert. denied 251 Ala. 275, 37 So.2d 231; Hale v. State, 20 Ala.App. 270, 101 So. 774, cert. denied Ex parte Hale, 212 Ala. 101, 101 So. 775; Gabriel v. State, 40 Ala. 357.

Prior arrests of the accused on other charges which have no relevancy except as tending to show his bad character are not admissible and a general objection to such evidence is sufficient. Rogers v. State, 34 Ala.App. 617, 42 So.2d 642, cert. denied 252 Ala. 670, 42 So.2d 643; Chicarella v. State, 39 Ala.App. 22, 93 So.2d 802, cert. denied 265 Ala. 694, 93 So.2d 804; McElroy, The Law of Evidence in Alabama (2d ed.), Vol. 3, § 426.01(9). It is only a prior conviction of a crime involving moral turpitude that may be shown, and this solely for the purpose of impeaching a witness's credibility. Chicarella v. State, supra; Lyons v. State, 32 Ala.App. 44, 21 So.2d 339; Meador v. State, 37 Ala. App. 573, 72 So.2d 418.

The question in issue here called for no answer which could shed light on any legitimate point and served only to drive home the fact to the jury that appellant was also accused and had been under arrest for another, independent offense.

For the foregoing reason the judgment in this cause is due to be reversed and the cause remanded.

Reversed and remanded.