282 So.2d 333

**Frank Marvin LEE**

v.

**STATE.**

**I Div. 148.**

Court of Criminal Appeals of Alabama.

Aug. 28, 1973.

William J. Baxley, Atty. Gen., and Claud D. Neilson, Special Asst. Atty. Gen., for the State.

David L. Barnett, Mobile, for appellant.

L. S. MOORE, Supernumerary Circuit Judge.

The appellant was adjudged guilty of assault with intent to rob and sentenced to fifteen years imprisonment by the Circuit Court of Mobile County, Alabama. His motion for a new trial was denied, hence this appeal.

George Stoudenmier testified that he ran a grocery store and had done so for about nine years; that his store was in the Duval-Michigan Avenue area in Mobile County; that on December 8, 1969, about 7:00 P.M., as he was slicing meat for a customer, he heard his wife say something and looked up to see a man shove her aside; that the man had a turtleneck sweater pulled up over his neck and a gun in his hand; that the witness got a gun and hid behind the meat case, and the man started toward him; that when the man came behind the meat case, the witness tried to shoot him, but his gun misfired; that the man shot right by him, and witness then shot at the man, who turned and ran; that he shot at the man as he was running and thought he hit him; that he kind of went into a slump, but kept on going; that the police were notified; that a line-up was held, and the only thing he had to go on was the size of the man; that the person he picked out of the line-up was not the appellant; that he did not get a good view of the person that shot at him in the store because the sweater was pulled up just below his eyes, and he was wearing a cap or hat; that he had seen the appellant before that time, but did not really know him; that he could not identify the appellant as the person that was in the store.

The appellant stipulated the line-up was properly conducted.

Renee Stoudenmier testified that she was in the store at the time of the shooting and saw a man wearing a turtleneck sweater and hat shoot at her father; that she was at the line-up, but could not identify anyone as being the person that shot at her father in the store.

Inez Stoudenmier, wife of George Stoudenmier, testified that she was working in the store on the occasion in question; that a boy wearing a sweater pulled over his nose, came in with a gun, pushed her back, and said, "Get up in there"; that he went toward her husband who started to shoot at him, but the gun snapped; that the boy shot, and then her husband shot again; the boy ran toward the door, and his arm kind of slumped, causing the sweater to come down; that she then saw his face and knew who he was; that she pointed him out in the courtroom, and had identified him at the line-up; that the appellant had traded at the store, and she had seen him before this happened, but did not know his name.

Joe Connick, a police detective who investigated the case, testified that he was given a description of the person entering the store; that he made some effort to locate appellant, but did not find him until March 18, 1970; that on that date he saw him at the Detective Division where he was being booked on another charge.

At this point, the record discloses the following:

"Q. All right, sir. What, if anything, did you do at that time?

"A. When the name Frank Marvin Lee came up I asked him would he raise his shirt, and he raised his shirt, and I felt his back. I saw a scar on his back up around his left shoulder blade, up in that area, and I felt close to the scar, and it appeared to be a slug in his back.

"Q. All right, sir. Then, what did you do after that, if anything, please?

"A. Then, he was booked on another charge.

"MR. GASTON: Now, Your Honor, I am going to object . . .

"THE COURT: Yes, you object to what?

"MR. GASTON: I am going to object to any reference to any other charge.

"THE COURT: Sustain the objection. Ladies and gentlemen of the jury, we

are not trying him on any other charge.

"MR. GASTON: Your Honor, we ask for a mistrial on the basis of the objection.

"THE COURT: Ladies and gentlemen, would that keep you from rendering a verdict in this case? Would that influence you in any way? Any of you? Let me ask you individually."

Thereupon the jurors were asked individually as to whether they would be influenced, and each replied no.

The court overruled the motion for a mistrial.

This witness further testified that he held a line-up; that Mr. Stoudenmier told him, "All he could do was go by the size of him", and he picked out a number one subject. The daughter was unable to pick out anyone, but Mrs. Stoudenmier picked out the appellant.

The appellant testified in his own behalf and denied that he was in the store on the occasion in question. He further stated that during the time in question, he was working at the Admiral Semmes Hotel at a barber shop; that he was shot while living in New York in 1968, and the slug had not been removed from his body; that the scar on his back was caused when a man hit him with a board.

Marian Bishop testified in behalf of the appellant that she and her husband operated a barber shop at the Admiral Semmes Hotel; that the appellant worked there regularly and was working at the shop on December 8, 1969; that she never saw him when he appeared to have any trouble with his arms or legs; and that she worked at the shop and would have known if the appellant had missed a day from work.

The appellant complains that the trial court erred to reversal in overruling his motion for a mistrial in connection with the statement of Joe Connick, "Then, he was booked on another charge."

In Chicarella v. State, 39 Ala.App. 22, 93 So.2d 802, three witnesses were permitted to testify over defendant's objection that they had each arrested the defendant on three separate occasions disconnected with the offense for which she was tried. With reference to this evidence the court said:

"That a person has been previously arrested is not admissible in evidence, for the reason that an arrest may be unduly made, by biased or overzealous officers. It is only a prior conviction for a crime involving moral turpitude that may be shown, and this for the purpose of affecting a witness' credibility. Lyons v. State, 32 Ala.App. 44, 21 So.2d 339; Rogers v. State, 34 Ala.App. 617, 42 So.2d 642.

"However, in the present case the statement by the officers that they had arrested the appellant on the dates mentioned was very incidental to the detailed facts recounted by the officers in their ensuing testimony. The fact that they had arrested appellant after such observations could not, we conclude, be deemed to have probably injured the appellant in her substantial rights. We are therefore unwilling to base a reversal of this judgment upon this erroneous ruling. Supreme Court Rules, rule 45, Code 1940, Tit. 7 Appendix."

■ In the case at bar, the statement by the witness was not called for by the question propounded. It certainly could not have been anticipated. The trial judge promptly sustained appellant's objection and stated, "Ladies and gentlemen of the jury, we are not trying him on any other charge." The appellant moved for a mistrial, and the record disclosed the judge went to great lengths to disabuse the minds

of the jury of any harmful effects of the statement. Each juror stated that the remark would not influence him in any way.

The statement was not admissible, but its injection in the case was rendered harmless. Wyatt v. State, 35 Ala.App. 147, 156, 46 So.2d 837.

In Drake v. State, 257 Ala. 205, 57 So. 2d 817, it is stated:

"After Allen testified with respect to the confession, the solicitor asked if the defendant told him anything else, evidently pursuing the inquiry with respect to the confession. The irrelevant response by the witness that the defendant said he had served a term in the federal penitentiary was immediately excluded by the court, the court stating: 'I will exclude that. This has got nothing to do with the facts in this case.' Counsel for defendant moved for a mistrial, but this motion was overruled. Much stress is laid on this ruling as error to reverse, but we have concluded, after a consideration of all the facts, that the prompt ruling of the court in peremptorily and explicitly excluding the statement of the witness fully eradicated whatever prejudice might have attended its making. Stephens v. State, 252 Ala. 183, 40 So.2d 90."

In the instant case, the trial court properly overruled the appellant's motion for a mistrial, and we find no error therein.

■ The appellant also complains that error existed in connection with the District Attorney's argument to the jury. The record does disclose some objections to the argument of the District Attorney. One of the arguments objected to was withdrawn, and another statement objected to was sustained. The record either does not show the argument which the other objections were directed to or it shows only an insufficient part of it. This court cannot pass upon such an objection since we are not informed what the argument was. We

find no error in that respect. Flowers v. State, 269 Ala. 395, 113 So.2d 344.

■ There is attached to the appellant's motion for a new trial, an affidavit which purports to set out an argument the District Attorney made to the jury and to use that method to raise the point. It really amounts to an objection to an argument made for the first time in the motion for a new trial. It comes too late. That method of making objection is little short of an effort to entrap the trial court into error. A defendant cannot invite error and then profit by it.

In Flowers v. State, supra, it is stated:

"The record does show that counsel for appellant filed an affidavit on May 8, 1958, which stated:

" 'That in the opening argument of Mr. E. C. Watson, Solicitor for the State of Alabama, who prosecuted the case for said State, Mr. Watson made substantially the following argument to the jury who was empaneled to try said cause:

" ' "Gentlemen, the time has come to quit treating these people as children (referring to the negro race since the defendant was a person of the negro race). Today they are enjoying equal economic status and equal educational status and they should be treated as adults and not children." '

"This is not the proper way to raise objections to oral argument of counsel."

In the case at bar, it is also not the proper way to raise objections to oral argument of counsel. This court will not use such objection as a basis for error.

We have carefully searched the record and find no error therein.

It is ordered and adjudged by the Court that this case be and is affirmed.

The foregoing opinion was prepared by Honorable L. S. MOORE, Supernumerary Circuit Judge, serving as Judge of this

Court under Section 2 of Act. No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All Judges concur.