291 So.2d 335

**Robert Joe JOHNSON**

v.

**STATE.**

**7 Div. 182.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

Rehearing Denied Oct. 16, 1973.

W. Mark Anderson, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was sentenced below to ten years imprisonment for robbery.

Appellant took the stand in his own defense and admitted on cross-examination that he had previously been convicted of forgery, larceny and automobile burglary. In reference to the prior convictions, the court orally charged the jury as follows:

"Now, if there was some testimony about convictions, I might tell you in what way that is to be considered. A conviction does not prevent a person

from testifying in the case, but a conviction for an offense involving moral turpitude might affect his credibility. It might affect the weight you want to give to the testimony of that witness. And, offenses such as larceny, theft, forgery, burglary; those cases are cases involving moral turpitude."

Appellant's Written Requested Charge No. 1 was refused by the trial court. This charge reads as follows:

"I charge you ladies and gentlemen of the jury that the prior record of the defendant is not evidence of the guilt or innocence of the defendant in this case."

The precise issue upon which this case revolves seems to be res nova in our jurisdiction; however, we are of the opinion that the trial court erred to reversal in refusing appellant's requested Written Charge No. 1. We fail to see how Written Charge No. 1 was, under the facts of this case, in any way misleading nor do we understand how the legal proposition asserted therein was encompassed in the trial court's oral charge. The oral charge regarding prior convictions though correct, was incomplete insofar as it failed to state that the credibility of appellant's testimony was the only matter to which prior convictions related. Written Charge No. 1 contained a correct proposition of law. See Paul v. State, 47 Ala.App. 115, 251 So.2d 246.

For the foregoing reason, the judgment of conviction is reversed and the cause remanded for new trial.

Reversed and remanded.

CATES, P. J., and TYSON and HARRIS, JJ., concur.

DeCARLO, J., dissents.