**327 So.2d 916**

**Jesse William BRYSON**

**v.**

**STATE.**

**7 Div. 371.**

Court of Criminal Appeals of Alabama.

Nov. 4, 1975.

Rehearing Denied Dec. 9, 1975.

Robert G. Wilson, David A. Rains, Fort Payne, for appellant.

William J. Baxley, Atty. Gen., and Milton C. Davis, Asst. Atty. Gen., for the State.

YSON, Judge.

The indictment charged the appellant, Jesse William Bryson, Edward Lee Moss, and Robert Dennis Browning, Junior, with the robbery of Clarence Chestnut, Junior, by taking some $400.00 in currency from him. The jury found the appellant guilty as charged and fixed punishment at forty years imprisonment. The trial court then entered judgment in accordance with this verdict.

Clarence Chestnut, Jr., testified that he lived in Gaylesville, Alabama, and conducted a general merchandise store in partnership with his brother, Emory Chestnut, in Gaylesville. He testified that about 6:00 in the evening of February 8, 1972, the appellant, Jesse William Bryson, together with two companions, Edward Lee Moss and Robert Dennis Browning, came into the store, that Moss and Browning went into the back of the store and gathered up a few groceries. He stated that the two men asked him to slice some cheese from the hoop cheese in the dairy case. He stated that the appellant stayed in the front of the store and got a soft drink. He stated that his mother, age seventy, was at the cash register at the time the men came into the store. He stated about this time an employee of his, Mr. William Comer, came back into the store, and as he did so, Browning pointed a pistol at them, marched all of them near the cash register, and said, "Give me the money, let me have your money . . . sack it up, sack it up." He stated that a man named Billy Black had come into the store and that the appellant pushed him toward the back of the store. He testified that the men then took over $400.00 from the cash register and fled in a Dodge automobile with a Great Lakes tag on it. He testified that the three men were caught that night in Summerville, near the Georgia line, and that he saw them. Mr. Chestnut made a positive in-court identification of the appellant.

William Comer testified that on February 8, 1972, he worked at the general merchandise store belonging to Clarence and Emory Chestnut in Gaylesville, Alabama. He testified that he had worked most of that day and returned to his home, then went back to the store shortly before 6:00 in the evening. He testified that soon after that, the appellant and two other men came into the store, and he noticed the other two men walk to the rear and start gathering some groceries. He stated that the appellant stayed near the drink box at the front of the store and made a casual comment to him about the weather. A few minutes thereafter Browning pulled a gun and stated, "Give me the money, sack it all up." He stated that after the men took the money from the cash register they told them to "lay down in the floor," and that the men fled in an old Dodge automobile. He stated that he got a good look at the three men and made a positive in-court identification of the appellant.

The appellant presented the testimony of his sister, Mrs. Lucille Self, who lived at 103 West Waterworks Street in Dalton, Georgia. She testified that her brother came to her home in the month of January, 1972, and that his hair was red. She stated that she assisted him in putting black dye on his hair, and that this was during

the middle of January, because she remembered her son leaving for Michigan about the first of February of that year, and that this occurred about two weeks prior to her son's leaving. She testified that she drove her brother to the bus station in Chattanooga, Tennessee, in late January, 1972.

## I

The appellant contends that the State was improperly allowed to cross examine appellant's sister, Mrs. Self at trial, pertaining to an escape from the "Georgia road gang," and calls attention to the following [R. pp. 36]:

*"BY MR. BLACK:*

"Q. Now, at the time you said you dyed your brother's hair and sideburns in January, 1972, how many days was that after he escaped from the Georgia penitentiary?

"MR. WILSON: Objection, Your Honor. There is no testimony . . . .

"MR. BLACK: We expect there will be.

"A. I really don't know.

"COURT: Overruled.

"Q. How many days was it after he escaped from the Georgia road gang.

"A. I don't know.

"Q. Well, he was in a Georgia penitentiary and he escaped, didn't he?

"MR. RAINS: I object, Your Honor.

"COURT: Overruled.

"Q. That is correct, isn't it?

"A. That is what I was told.

"Q. Well, he told you he escaped, didn't he?

"A. Well, I was pretty sure it was right.

"Q. He did tell you he escaped and wanted you to help hide him, didn't he? That's true, isn't it?

"A. I wasn't hiding him.

"Q. Well, you helped him put dye on his hair?

"A. I helped put dye on his hair.

"Q. You helped put dye on his hair and carried him to Chattanooga, is that right?

"A. Yes, because he asked me to.

"Q. He asked you to?

"A. Yes.

"Q. And you say you are his sister?

"A. Right.

"MR. BLACK: That's all.

"A. That's right.

"COURT: Anything further?

"MR. RAINS: No sir.

"COURT: You may come down.

"MR. WILSON: The defense has nothing further, Your Honor, we rest."

The appellant first injected the matter of his dying his hair, and his leaving on a bus into the trial, hence, we are of the opinion that the trial court properly allowed his sister, Mrs. Self, to be cross-examined on this. Since the appellant first injected this matter into evidence, such became a proper basis for cross-examination by the District Attorney. *McClendon v. State,* 54 Ala. App. 327, 307 So.2d 723, and authorities therein cited.

## II

At the conclusion of the trial court's oral charge, the appellant announced, "No exceptions." The trial judge then gave six of the written charges. The remaining refused charges were either covered by the trial court's oral charge and

the given charges, or were abstract, not properly predicated on the evidence in this case, were misleading, or were incorrect statements of the applicable legal principles; hence, their refusals were proper. Title 7, Section 273, Code of Alabama 1940.

We have carefully examined this record and find same to be free from error. The judgment of the trial court is due to be and the same is hereby

Affirmed.

All the Judges concur.

CATES, P. J., concurs with opinion.

CATES, Presiding Judge (concurring specially).

In brief appellant complains of the District Attorney's asking Mrs. Self how many days was it after appellant's escape from a Georgia prison that she dyed his hair. I consider that prejudicial and irrelevant in a case where the defendant has chosen not to testify.

However, the District Attorney offered to connect up the sought for answer with further proof. Such further proof was not tendered. In this posture the defendant should have made a motion to exclude the disconnected evidence. McElroy, Evid. (2nd ed.) § 426.01(6).