327 So.2d 919

In re Jesse William BRYSON

v.

STATE of Alabama.

Ex parte Jesse William Bryson.

SC 1611.

Supreme Court of Alabama.

Feb. 27, 1976.

Scruggs, Rains & Wilson, Fort Payne, for petitioner.

BLOODWORTH, Justice.

Petition of Jesse William Bryson for Certiorari to the Court of Criminal Appeals to review and revise the judgment and decision of that court in *Bryson v. State*, 57 Ala.App. 278, 327 So.2d 916.

WRIT DENIED.

MERRILL, FAULKNER, EMBRY and MADDOX, JJ., concur.

HEFLIN, C. J., and JONES, ALMON, and SHORES, JJ., dissent.

JONES, Justice (dissenting):

I would grant the writ to review the judgment of the Court of Criminal Appeals affirming the defendant's conviction. The only issue under consideration is the trial Court's overruling of defendant's objection to the following question:

"Now, at the time you said you dyed your brother's hair and sideburns in Jan-uary, 1972, how many days was that after he escaped from the Georgia penitentiary?"

The defendant did not take the stand, invoking the *Brasher* rule (*Brasher v. State*, 249 Ala. 96, 30 So.2d 31 (1947) ), which prohibits proof of another offense. This rule recognizes in effect that virtually nothing can be more prejudicial to the defendant's right to a fair trial for one offense than proof of another offense for which he is not being tried. Defendant, of course, takes the risk of this prejudicial evidence when he takes the stand to testify in his own behalf;[1] but defendant's exercise of his Constitutional prerogative against self incrimination would be rendered futile if the State, through other witnesses, could prove his commission of other offenses. In practical effect, if prejudicial error could be graded on a scale from 1 to 10, what happened here, in my opinion, would be scored 10.

Given the defendant's failure to testify, there are only two possibilities for the proper admission of the evidence elicited by the challenged question:

1) Was it admissible except for some missing link such as a required predicate which was subject to being connected up later?

2) Although otherwise illegal, was the elicited evidence the completion of partial evidence introduced by the defendant of a conversation or transaction?

*Connecting Up*

The "connecting up" doctrine has no field of operation where the only offered connection is the proof of the very element (the other offense) which is inadmissible. Otherwise stated, unless the evidence elicited is admissible, except for the missing link which is offered to be supplied later,

---

1. This is not to infer, of course, that a defendant in a criminal case, by electing to testify in his own behalf, necessarily waives all 5th Amendment rights against self incrimination.

the offer to connect up cannot render the evidence conditionally admissible. The only evidence offered by the State by way of connecting up was, "We expect there will be [evidence that defendant escaped from a Georgia prison]"—the very evidence that is inadmissible in the first instance. See 1 McElroy, *The Law of Evidence in Alabama*, § 13.01 (2d Ed., 1959).

### Completion of Partial Evidence

The rule of *Logan v. State*, 291 Ala. 497, 282 So.2d 898 (1973), which allows one party to introduce otherwise illegal evidence to complete partial evidence introduced by his opponent of a conversation or transaction, is inapplicable to this case, because the defendant's alleged escape from the Georgia penitentiary is not part of the same transaction as the defendant's sister's cutting and dying the defendant's hair. *French v. State,* 25 Ala.App. 53, 141 So. 713, cert. denied, 225 Ala. 8, 141 So. 717 (1932), held that the same transaction rule "does not apply to particulars of former transactions not constituting a part of the res gestae, or tending to shed light on the issues."

I believe that the case of *Roberson v. State*, 233 Ala. 442, 172 So. 250 (1937), controls this case. The *Roberson* case, which excluded testimony on the ground that the defendant's proffered testimony did not concern the same transaction as the State's testimony, drew a distinction between cause and effect. In *Roberson,* the State's witness testified to the quarrel between a murder defendant and the deceased. The defendant then tried to introduce testimony that the quarrel immediately followed and resulted from the decedent's allowing his cattle to trample the defendant's crops. The Court held that the alleged trespass of livestock on the defendant's crops leading to the quarrel was a separate transaction from the quarrel even though it resulted in the quarrel.

The case before us presents an analogy to *Roberson*, in that the defendant's alleged escape from the Georgia penitentiary may have been the cause of his sister's cutting and dying his hair, but it was not the same transaction and, therefore, does not come within the *Logan* rule.

Furthermore, without reviewing the entire text of the defendant's sister's testimony, it is not possible to tell whether the defendant's sister's cutting and dying the defendant's hair was even causally related to the alleged escape.

I would grant the writ.

HEFLIN, C. J., and SHORES, J., concur.

ALMON, Justice (dissenting):

I would grant the writ for the reasons I stated in *Paul v. State,* 47 Ala.App. 115, 251 So.2d 246.