Mark Wayne Kuczenska was indicted by the grand jury for the offense of robbery. Trial was had on February 13, 1979. The appellant was convicted and sentenced to thirty years imprisonment. From that conviction, he now appeals in formapauperis.
Robert Alley testified that on November 27, 1978, while working at the Cedar Truck Stop on Highway 431 in Lee County, Alabama, he observed appellant and another white male whispering to each other inside the service station area of the truck stop. Alley stated this whispered conversation lasted only a few seconds. Afterward appellant walked into the restaurant area of the truck stop.
Moments later appellant's companion pulled a pistol on Alley and demanded money from the cash register in the service station. Alley complied with the demand, and the perpetrator fled to a waiting automobile. Alley notified the Alabama Highway Patrol of the robbery and gave them a description of the get-away car and its license tag.
On cross-examination Alley stated that he only saw the appellant for those few seconds prior to the robbery when appellant was whispering with the perpetrator. Alley did not see the appellant leave in the get-away car.
Charles R. Minor of the Alabama State Troopers testified that on November 27, 1978, while patrolling on Highway 431 in Lee County, Alabama, he received a radio dispatch giving a description of the vehicle involved in the robbery of the Cedar Truck Stop. Shortly thereafter he observed and intercepted a vehicle matching the description of the robbery vehicle. After pulling the vehicle off the highway, Minor ordered the occupants to step out of the vehicle and place their hands on the top of the car. The driver of the car and the appellant complied with the order, but the remaining occupant of the car fired a shot at the trooper and attempted to flee. The trooper returned fire and wounded the would-be assailant.
Trooper Minor then searched appellant and seized a "wad" of money, a couple of vials of pills, and an empty paper bag stuck through appellant's pants.
On cross-examination Minor testified he smelled alcohol on appellant's breath and noticed that his eyes were dilated. However, in his opinion, appellant was not intoxicated. He also stated that appellant told him that the pills he had taken from him were for a heart condition.
Captain Nick Abbett, a detective for the Opelika Police Department, testified that he participated in the investigation of the robbery of the Cedar Truck Stop. On November 29, 1978, Abbett and Lt. Gosdin of the State Department of Public Safety took a statement from the appellant. Defense counsel objected to the admission of the statement on the grounds that the State had failed to lay proper Miranda and voluntariness predicates.
At a hearing outside the presence of the jury to determine the voluntariness of the statement, Captain Abbett testified that Lt. Gosdin read the appellant his Miranda rights and appellant signed a waiver form. While appellant made the oral statement, Captain Abbett reduced it to writing. Appellant was asked if he could read, and he answered in the affirmative. Appellant then read the statement, initialed each *Page 1184 
page, and signed the statement. According to Captain Abbett, neither he nor Lt. Gosdin made any threats or promises nor made or offered any inducement to get appellant to give the statement.
On cross-examination Abbett testified that the statement was obtained during an interview which lasted approximately one hour. He further stated that the preceding day appellant had given a statement that was inconsistent with statements made by his co-defendants and for that reason he was questioned again on November 29, 1978.
Mark Wayne Kuczenska testified outside the presence of the jury that, prior to giving his oral statement, he requested an attorney and was told by Abbett and Gosdin that one would be appointed to represent him at the time of trial. He stated that he was light-headed and dizzy during the questioning, and he thought this was due to the police department's withholding of his heart medication for three days prior to questioning. The medication served to regulate his blood pressure and stabilize his heart beat.
Appellant testified that the statement did not accurately reflect his conversation with the police officers, and that he signed the confession in order to have his medication returned to him. He pointed out that his medication was returned to him the evening of the day he gave his inculpatory statement.
The trial court asked Captain Abbett about appellant's heart medication and was told by Abbett that the pills were withheld because they were being analyzed to determine if they were, in fact, heart medication. Abbett denied that the medication was withheld from appellant to coerce him into making the statement, and he stressed that as soon as the pills were determined to be heart medicine they were returned to appellant. The statement was ruled to be admissible, and the jury was recalled.
Captain Abbett was then recalled to the witness stand. After the prosecution laid the proper Miranda and voluntariness predicates, the statement was read to the jury. The statement related how appellant and his two companions decided to rob a store since they were short of money and how the robbery occurred.
On cross-examination Abbett admitted that appellant had given an inconsistent statement the day before he gave the inculpatory statement, and this prior statement was also read to the jury.
Thereupon the prosecution rested. The appellant did not testify nor present any evidence in his own behalf.
 I
Appellant first asserts that the trial court erred in admitting his inculpatory statement into evidence. Appellant maintains that the confession was not voluntary since "essential medication was withheld from the appellant three days until he confessed." In support of his position, he citesO'Tinger v. State, Ala.Cr.App., 342 So.2d 1343 (1977), wherein this court held a confession to be involuntary and inadmissible because an incarcerated defendant offered to confess to a burglary in exchange for a pair of boots after he had been barefoot for six days.
An examination of the record however reveals that O'Tinger, supra, is inapplicable to the present case. There is no testimony from anyone that appellant was told his medication would be withheld if he did not confess or that it would be returned if he did confess. Nor did appellant testify that he offered to confess as in O'Tinger, supra.
Assuming arguendo that appellant's testimony gives rise to an inference that his confession was induced by the withholding of the medication, "[w]here the trial court finds on conflicting testimony that the confession was voluntarily made, that finding will not be disturbed on appeal unless it is palpably contrary to the weight of the evidence." Morgan v. State, Ala.Cr.App., 363 So.2d 1013, 1015 (1978), and authorities cited therein; Retowsky v. State, Ala.Cr.App., 333 So.2d 193 (1976), and authorities cited therein. *Page 1185 
We are of the opinion that the trial court was correct in admitting appellant's confession into evidence.
 II
Appellant next avers that certain comments of the prosecutor in closing argument created ineradicable prejudice in the minds of the jury and, hence, reversal is mandated.
This contention arises from the following colloquy:
 "MR. MYERS: Something interesting in this case, this defendant's gun, the stolen car, he's got the bag — the money to go into, he goes in with Medler and then he steps aside. He doesn't want to get involved. He didn't have the courage to pull the gun, himself. He gives it to a kid and then what happens —
"MR. NIX: Judge?
"THE COURT: Sir?
 "MR. NIX: I would object to any reference by the District Attorney to the jury about matters not in evidence, especially concerning any stolen car. There has been no evidence about a stolen car. It is highly prejudicial and I would ask the Court to ask the jury to disregard that.
"THE COURT: I sustain the objection.
 "Ladies and gentlemen of the jury, this defendant is not being charged with such an offense and I direct you that you will not consider it if such argument was made.
 "Is there any member of the jury that cannot remove that from your mind: Let me ask you this: If there is any member of the jury — if there is any member of the jury who feels like you cannot remove that from your mind and from your consideration, if so, say so now. If there is any member now that cannot remove that from your mind?
 "Each indicates that they can remove it from their mind.
"You are directed now not to consider that.
"You may proceed."
The record reveals that the court acted promptly to impress upon the jury that the improper statement was not to be considered by them in their deliberations and, therefore, any prejudicial effect of the remark was removed. Woods v. State, Ala.Cr.App., 344 So.2d 1225 (1976), cert. quashed, Ala.,344 So.2d 1230 (1977); Gavin v. State, 52 Ala. App. 469,294 So.2d 169, cert. denied, 292 Ala. 722, 294 So.2d 170 (1974); Retowskyv. State, supra; Ellenburg v. State, Ala.Cr.App., 353 So.2d 810
(1977); Earley v. State, Ala.Cr.App., 358 So.2d 494, cert. denied, Ala., 358 So.2d 501 (1978).
 III
Lastly, appellant insists that the trial court's refusal to give the following charge constituted reversible error:
 "I charge you, the Jury, that if you find the defendant, Mark Kuczenska, did not plan or participate in the commission of the robbery, but was an accessory after the fact, then you may find him guilty of the offense."
Section 13-9-1, Code of Ala. 1975, abolished all distinctions between accessories before the fact and principals to a felony. The Code still recognizes, however, the crime of being an accessory after the fact in § 13-9-2. That crime has three constituent elements: (1) knowledge of the principal's crime, (2) commission of a completed felony, and (3) active aid to theprincipal with the intent to enable the principal to avoid orescape from arrest, trial, conviction or punishment. Rudolph v.State, 40 Ala. App. 398, 114 So.2d 299 (1959).
A trial court's refusal to give certain charges in criminal proceedings is correct where the charges were either covered by the trial court's oral charge and the given charges or were abstract, not properly predicated on the evidence in the case, or were incorrect statements of the applicable legal principles. Bryson v. State, 57 Ala. App. 278, 327 So.2d 916
(1975), cert. denied, 295 Ala. 393, 327 So.2d 919 (1976). *Page 1186 
We are of the opinion that the trial court properly refused this charge under the evidence in this cause and that the correct legal principles were given the jury. This case is affirmed.
AFFIRMED.
All the Judges concur.