TAYLOR, Presiding Judge,
dissenting from unpublished memorandum.
I dissent from the majority’s unpublished memorandum, which concludes that the issue of the sufficiency of the state’s evidence was not preserved for appellate review and is therefore not before this court. The majority specifically finds that the appellant’s claim that the state failed to prove the “serious physical injury” element of the offense of assault in the first degree is not preserved for appellate consideration because no motion for a judgment of acquittal or similar objection was made before the case was submitted to the jury.
The appellant, Jody Jefferson, was charged with attempted murder and the case was submitted to the jury on that charge. The jury, however, found the appellant guilty of the lesser offense of assault in the first degree. When the case was submitted to the jury, defense counsel could not have predicted that the jury would acquit the appellant of the greater offense and find him guilty of the lesser offense of assault in the second degree. Clearly, the appellant’s first opportunity to raise this issue was not before the case was submitted to the jury but after the jury returned a verdict, i.e., byway of a motion for a new trial.
There is no question that the state failed to prove “serious physical injury” as required for a conviction of assault in the first degree. § 13A-6-20, Code of Alabama 1975. The majority, in its its unpublished memorandum recognizes the fact that no evidence of a “serious physical injury” was presented and notes that the appellant’s correct avenue of review is by way of a petition for post-conviction relief under Rule 32, Ala. R.Crim.P.
The question here, is whether this issue was preserved for this court’s consideration by way of an objection. In the appellant’s motion for a new trial, counsel argued that his conviction was not supported by sufficient evidence and was contrary to law. Normally, a general objection does not preserve a specific issue for appeal. However, there are certain instances where a general objection will preserve error for appellate review.
Quoting from Lawrence v. State, 409 So.2d 987 (Ala.Crim.App.1982), the Court of Criminal Appeals stated:
‘“Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court’s failure to act constitutes prejudicial error. Ward v. State, 376 So.2d 1112 (Ala.Cr.App.1979), cert. denied, Ex parte Ward, 376 So.2d 1117 (Ala.1979); Slinker v. State, 344 So.2d 1264 (Ala.Cr.App.1977). 409 So.2d at 989. (Emphasis added [in Purser].)’”
Ex parte Purser, 607 So.2d 301, 302 (Ala.1992). As was also stated in Paul v. State, 47 Ala.App. 115, 116, 251 So.2d 246, 248 (1971):
“Ordinarily a general objection without assigning grounds is inadequate to preserve error on review. However, when the evidence sought is manifestly illegal, a general objection is sufficient. Helms v. State, 34 Ala.App. 82, 37 So.2d 229, cert. denied *1300 251 Ala. 275, 37 So.2d 231; Hale v. State, 20 Ala.App. 270, 101 So. 774, cert. denied Ex parte Hale, 212 Ala. 101, 101 So. 775; Gabriel v. State, 40 Ala. 357.”
See also Childers v. State, 640 So.2d 16 (Ala.1994).
The above principles should be applied to a general objection that tests the sufficiency of the evidence. Certainly the state’s failure to prove an essential element of its case is such a situation where a general objection suffices to preserve the issue for appellate review. See Purser, supra.