I dissent from the majority's opinion. It concludes that the issue whether the trial court erroneously allowed the social worker to testify as to the ultimate issue in the case was not preserved for appellate review. It considers that there was a general objection only and no specific objection to the error. I concur with the majority's resolution of the other issues.
The following occurred during the examination of the social worker who had interviewed the victim in this case:
 "Q Would you relate to the jury what those impressions were, please?
 "Mr. Turberville [defense counsel]: We object, Your Honor.
"The Court: Overruled.
"Q What were your impressions?
 "A — My impression was that he had been sexually molested. He seemed to be credible.
 "Q In your professional opinion, do you believe [D.L.F.] was telling the truth?
 "Mr. Turberville: I would object to that. That invades the province of the jury. This witness has no qualifications to make that determination.
"The Court: Objection overruled."
I believe this issue was preserved for appellate review. The first objection to the testimony was general and not specific. However, as stated in my dissent in Jefferson v. State,686 So.2d 1298 (Ala.Cr.App. 1996):
 "Normally, a general objection does not preserve a specific issue for appeal. However, there are certain instances where a general objection will preserve error for appellate review.
 "Quoting from Lawrence v. State, 409 So.2d 987
(Ala.Crim.App. 1982), the Court of Criminal Appeals stated:
 "Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court's failure to act constitutes prejudicial error. Ward v. State, 376 So.2d 1112 (Ala.Cr.App. 1979), cert. denied, Ex parte Ward, 376 So.2d 1117 (Ala. 1979); Slinker v. State, 344 So.2d 1264 (Ala.Cr.App. 1977). 409 So.2d at 989. (Emphasis added [in Purser].)
 "Ex parte Purser, 607 So.2d 301, 302 (Ala. 1992). As was also stated in Paul v. State, 47 Ala. App. 115, 116, 251 So.2d 246, 248 (1971):
 " 'Ordinarily a general objection without assigning grounds is inadequate to preserve error on review. However, when the evidence sought is manifestly illegal, a general objection is sufficient. Helms v. State, 34 Ala. App. 82, 37 So.2d 229, cert. denied 251 Ala. 275, 37 So.2d 231; Hale v. State, 20 Ala. App. 270, 101 So. 774, cert. denied Ex. parte Hale, 212 Ala. 101, 101 So. 775; Gabriel v. State, 40 Ala. 357.' "
686 So.2d at 1299-1300. *Page 666 
Furthermore, it is clear the appellant made a specific objection to this issue when the social worker was asked if he believed if the victim was telling the truth. This issue was certainly preserved for our consideration and should be addressed by the majority. For these reasons, I must dissent. *Page 1158