**Hollis Earl WOODS, Petitioner-Appellee,**

**v.**

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 76–2122.**

United States Court of Appeals, Fifth Circuit.

Feb. 18, 1977.

John L. Hill, Atty. Gen., David M. Kendall, 1st Asst. Atty. Gen., Joe B. Dibrell, Jack B. Boone, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Hollis Earl Woods, pro se.

Judy M. Johnson (Court appointed), Houston, Tex., for petitioner-appellee.

Before BROWN, Chief Judge, GODBOLD, Circuit Judge, and MEHRTENS,* District Judge.

PER CURIAM:

Hollis Earl Woods was sentenced to life imprisonment following his conviction in Texas state court for robbery. He filed a petition for habeas corpus which was granted by the federal District Court. We reverse.

The lower court's grant of habeas was based on the admission of certain extraneous evidence which it held to be highly prejudicial. The testimony at trial revealed the following sequence of events. On June 16, 1970, Henry Tutt, the complaining witness, was robbed in his apartment. He identified the defendant as one of three robbers, two men and one woman. Tutt testified that Woods and the others entered his apartment while he was lying down. Woods jumped on top of him and held him. Woods was armed with a hook-bill knife, the kind used for roofing. The male accomplice stabbed Tutt three times while Woods held him. Meanwhile, the female took his wallet, his pistol and a wristwatch. When he called for help Woods threatened to kill him if he didn't shut up. Tutt testified that as they were making their exit Woods cut him on the throat with the knife.

The testimony which was ruled prejudicial was that given by Leo McWilliams. McWilliams testified that just a few hours after the Tutt robbery he was robbed by the same trio. The second robbery occurred in the same geographical area as the earlier one. The three robbers drove up next to McWilliams at a service station. The female asked McWilliams to go for a drink with her. He testified that after he drove to the agreed area she got out of her car and got into his. She then pulled a pistol from her purse and shot him through the jaw. About that time Woods came up from behind and stabbed him with a knife. McWilliams survived both injuries and ran from the scene. The assailants left in both

---

* Senior District Judge for the Southern District of Florida, sitting by designation.

cars, the woman and second man in McWilliams' car, and Woods in the car he had come in. Some time later the trio was arrested in another part of the state and McWilliams' car was returned.

The state court admitted McWilliams' testimony on the grounds that it showed that the three individuals were operating together, was close enough in time to show flight, and was a continuation of the earlier event. The court below granted habeas relief finding the evidence was prejudicial. On appeal the state contends that the state court evidentiary ruling was correct or was at most harmless error.

The Fifth Circuit's resistance to challenges of evidentiary matters by habeas is firmly established. See *Buchannon v. Wainwright*, 5 Cir., 1973, 474 F.2d 1006; *Gephart v. Beto*, 5 Cir., 1971, 441 F.2d 319, *cert. denied*, 404 U.S. 966, 92 S.Ct. 342, 30 L.Ed.2d 286 (1971); *Williams v. Wainwright*, 5 Cir., 1970, 427 F.2d 921, vacated in part, 408 U.S. 941, 92 S.Ct. 2864, 33 L.Ed.2d 765 (1962); and *Murphy v. Beto*, 5 Cir., 1969, 416 F.2d 98.

However, where the violation of a state's evidentiary rule has resulted in a denial of fundamental fairness, thus violating due process, we have granted habeas relief. See *Barnard v. Henderson*, 5 Cir., 1975, 514 F.2d 744. The mere violation of evidentiary rules does not in itself invoke habeas review. *Hills v. Henderson*, 5 Cir., 1976, 529 F.2d 397. In *Hills* we recognized that the admission of evidence in violation of evidentiary rules would not necessarily mandate federal habeas relief.

But our conclusion that the student's testimony should not have been admitted does not automatically support habeas corpus relief. The question before us is not whether the trial court's ruling would have led to a reversal if Hills had been tried in the federal system. Nor is it sufficient that state evidentiary rules appear to us not to have been followed. *Hackworth v. Beto*, 434 F.2d 852 (CA5, 1970); *Manning v. Rose*, [507 F.2d 889 (6th Cir., 1974)] *supra*, at 892. As we have held in another case involving the same Louisiana statute under which this evidence was offered, "the admissibility *vel non* of the evidence under state law is not determinative of a federally protected right" cognizable on habeas corpus. *Brent v. White*, 398 F.2d 503, 505 (CA5, 1968), *cert. denied*, 393 U.S. 1123, 89 S.Ct. 998, 22 L.Ed.2d 130 (1969). We examine the record in this case only to determine whether the error was of such a magnitude as to deny fundamental fairness to the criminal trial, thus violating the due process clause. *Heads v. Beto*, 468 F.2d 240 (CA5, 1972), *cert. denied*, 410 U.S. 969, 93 S.Ct. 1454, 35 L.Ed.2d 704 (1973). As a guideline to applying the criterion of "fundamental fairness," we have said that the erroneous admission of prejudicial evidence can justify habeas corpus relief if it is " 'material in the sense of a crucial, critical, highly significant factor.' " *Corpus v. Beto*, 469 F.2d 953 (CA5, 1972), *cert. denied*, 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162 (1973).

529 F.2d at 400.

Our examination of the record leads us to conclude that if any error was committed in the admission of McWilliams' testimony it was harmless. Even without the extraneous evidence there was ample testimony before the jury to justify a verdict of guilty. The testimony of Tutt, the victim of the robbery, was uncontradicted that Woods was the robber. He made an in-court identification of Woods. No defense witnesses were presented to rebut his testimony. While it is true that Woods was entitled to a presumption of innocence and had no burden of presenting evidence, the jury verdict is well supported by the facts. There was no denial of any constitutional right. Accordingly, it was error for the lower court to grant habeas relief.

REVERSED.

GODBOLD, Circuit Judge, specially concurring:

I agree that the writ should have been denied but for a different reason. The testimony was admissible for purposes of

identifying Woods as the person who, together with the woman, had robbed Tutt in his apartment, and for establishing a similar modus operandi. In the apartment the woman was the bait, and Wood then appeared on the scene to rob. The woman took Tutt's gun. The man cut him with a knife. Two to three hours later, in the same neighborhood, the same woman was used as bait. She shot McWilliams with a pistol taken from her purse, and Woods then appeared and cut McWilliams with a knife.