BOOKOUT, Judge.
Robbery; sentence: sixty years imprisonment.
The evidence establishes that on November 23,1977, the appellant robbed the Quick Shop in Attalla, Alabama. During the course of that robbery, the appellant also robbed an employee of that business, Mildred Mae Brown. After taking the money from the cash register and from Mrs. Brown’s purse, he forced her into the back room of the store and attempted to rape her. During the course of the attempted rape, she was beaten severely and suffered a broken rib and a broken finger. Approximately $327 was taken in the robbery.
I
Appellant contends that a confession he made to police officers was erroneously admitted into evidence. On voir dire examination, the appellant testified that police officers threatened him and also promised him probation if he would confess to the crime. Thus, he contends that his statement to the officers was involuntary.
Where a threat is such that through fear an accused was likely to have told an untruth, a confession should be excluded. Likewise, any inducement of profit, benefit, or melioration held out (either collateral or directly relating to the offense under inquiry) is enough to render a confession inadmissible. Ex parte Holt, Ala. [Ms. August 4, 1978, SC 77-150]; O’Tinger v. State, Ala.Cr.App., 342 So.2d 1343 (1977).
Although the appellant testified that he had been threatened and that inducements were made to him in order to obtain the confession, other evidence to the contrary was admitted. Don Longshore, an investigator with the Etowah County Sheriff’s Office, testified that he read the Miranda warning to the appellant before the questioning began. The appellant signed a waiver of counsel, and Officer Longshore testified that neither he nor anyone in his presence promised the appellant or his family any hope of reward or anything of value to obtain the confession. He stated that neither he nor anyone in his presence threatened or coerced the appellant in any way and that the confession was freely and voluntarily given by the appellant.
On numerous occasions, this court has recognized that conflicting evidence is often presented on a question of the voluntariness of a confession. In each such instance where the trial judge found the confession .to have been voluntarily made, great weight was given to that finding. We have repeatedly said that such a finding will not be disturbed on appeal unless we are convinced that the conclusion reached by the trial judge was palpably contrary to the weight of the evidence. Smith v. State, Ala.Cr.App., 346 So.2d 382, cert. denied, Ala., 346 So.2d 385 (1977).
Likewise, this court stated in McNair v. State, 50 Ala.App. 465, at 470, 280 So.2d 171, 176 (1973) cert. denied, 291 Ala. 789, 280 So.2d 177:
“. . . Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and volun-tariness were observed, the ruling of the trial judge need only be supported by substantial evidence and not to a moral certainty. . . . ”
In the instant case, we find the ruling of the trial judge in this regard to have been supported by substantial evidence. The appellant’s confession was therefore admitted into evidence without error.
II
After its deliberations, the jury returned the following verdict:
*1322 “We, the Jury, find the Defendant guilty as charged and sentence him to 60 years in the State penitentiary.”
After the trial judge asked the defendant if he had anything to say and received a negative response, the court stated:
“In accordance with the ruling of the Jury, you will be sentenced to the State penitentiary for a term of 60 years. . . ”
The judgment entry reads in pertinent part as follows:
“ . . . In accordance with the verdict of the Jury, it is therefore ordered and adjudged by the court, and it is the judgment and sentence of the Court that as punishment for this offense, the defendant, Larry Joe Ard, alias Larry J. Ard, alias Larry Ard, be and he is hereby sentenced to imprisonment in the penitentiary of the State of Alabama for a term of Sixty (60) years. . . . ”
The above excerpts from the record clearly show that the trial judge merely performed the ministerial duty of pronouncing the sentence which had been determined by the jury. Title 14, § 415, Code of Ala. 1940, provided:
“Any person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years.” (Emphasis supplied.)
However, § 13-3-110, Code of Ala. 1975, states:
“Any person who is convicted of robbery shall be punished by imprisonment in the penitentiary for not less than 10 years, or as otherwise specified by law.”
Section 15-18-20 of the new Code provides:
“When an offense is punishable by imprisonment in the penitentiary or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred on the jury.”
Therefore, the 1975 Code fails to confer upon the jury the authority to set the punishment for the offense of robbery. Only the trial judge now has that authority.
Under the old system, the jury in effect wore blinders in fixing punishment. The jury was not allowed to hear evidence of a defendant’s prior criminal acts, nor did they have the benefit of presentencing reports and other information now available to a trial judge in determining what sentence to impose upon a defendant. The sentencing procedure under the new Code should be performed by the trial judge based upon his observation, deliberation, and investigation. He is not authorized to act in a ministerial capacity by submitting the question of punishment to the jury and then merely transcribing their decision into the judgment entry. Therefore, where a record clearly shows that the trial court did not consider the jury finding as a mere recommendation or as being advisory only, it will be necessary to remand the case to the trial court for proper sentencing pursuant to provisions of the 1975 Code. The conviction is hereby affirmed, but the case is remanded for proper sentencing by the trial judge.
AFFIRMED. REMANDED FOR PROPER SENTENCING.
All the Judges concur.