LEIGH M. CLARK, Retired Circuit Judge.
Appellant-defendant was indicted in April 1975 for a robbery, which the evidence shows occurred in January 1975. By reason largely of his absence from Alabama he was not tried until September 1978. A jury found him guilty and fixed his punishment at imprisonment for eleven years. *350 Upon sentencing him for imprisonment for thirty years, the court said:
“THE COURT: The Court is of the opinion that armed robbery is one of the most serious offenses we have in this section. And I am going to treat this Jury’s verdict, as far as the number of years, as advisory. And based on the Jury’s verdict of guilt of robbery—and it was armed robbery, and you were found by this Jury to have a weapon—I am going to find you guilty of robbery, pursuant to the Jury’s verdict.
“You say you have nothing to say whether the sentence of the law should not now be imposed upon you?
“THE DEFENDANT: No, sir.
“THE COURT: I am going to sentence you to thirty years in the penitentiary. You are now committed to the custody of the Sheriff.”
We must hold that the court was in error in changing the punishment fixed by the jury from imprisonment for eleven years to imprisonment for thirty years.
At the time of the trial, Code of Alabama 1975 was in effect. According to Acts of Alabama 1977, No. 20, and the Proclamation of the Governor, as shown by Code of Alabama 1975, Vol. I, vi, its effective date was October 31, 1977. However, by said Code, § 1-1-9, it is provided:
“This Code shall not affect any existing right, remedy or defense, nor shall it affect any prosecution now commenced, or which shall be hereafter commenced, for any offense already committed. As to all such cases, the laws in force at the adoption of this Code shall continue in force. But this section does not apply to changes in forms of remedy or defense, to rules of evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in civil cases.”
By Code of Alabama 1975, § 13-3-110, we find:
“Any person who is convicted of robbery shall be punished by imprisonment in the penitentiary for not less than 10 [ten] years, or as otherwise specified by law.”
By Code of Alabama 1940, as amended, Tit. 14, § 415, it was provided:
“Any person who is convicted of robbery shall be punished, at the discretion of the jury ... by imprisonment in the penitentiary for not less than ten years.”
It is to be seen from the above quoted statutory authority that for the particular robbery here involved, one committed before the effective date of Code of Alabama 1975, the trial court had no authority to fix the punishment, that the sole authority for fixing the punishment was in the jury that determined the issue of guilt or innocence. This conclusion is readily reconcilable with Burton v. State, Ala.Cr.App., 364 So.2d 394 (1978), in which case the robbery considered occurred in January 1978.
The evidence fully supports the verdict finding the defendant guilty of robbery. There is no contention to the contrary. The only other contentions of appellant are as to the admission in evidence of defendant’s confession and a failure to give one of defendant’s refused charges.
As to the admission in evidence of defendant’s confession, defendant requested and was given the opportunity before the trial commenced to present evidence out of the presence of the jury. The evidence consisted of the testimony of Detective Cody Wood and the defendant. According to the testimony of defendant, the confession would not meet either the pre-Miranda or the post-Miranda[1] requirements. On the other hand, according to the testimony of Detective Wood, all of such requirements were fully met. The court was not in error in admitting the confession in evidence.
The court refused defendant’s requested written charge No. 9:
“The Court charges the jury that if the jury upon considering all the evidence, have a reasonable doubt about defendant’s guilt, arising out of any part of the evidence, they should find the defendant not guilty.”
*351 The principle stated in said charge was substantially and fairly given to the jury in the court’s oral charge, in part as follows:
“. . . But reasonable doubt is a doubt for which you can assign a reason. A reason that arises from the evidence that you have heard, either all of it or any part of it, if after listening to it all or any part of it, you ask yourself the question — is the defendant the guilty one? And if the answer you get back — I doubt that he is — and if that doubt arises from this evidence, either all of it or part of it, then that is the kind of doubt the law is talking about."
The court was not in error in its refusal of Charge 9. King v. State, Ala., 356 So.2d 1220 (1978), rev’g Ala.Cr.App., 356 So.2d 1216.
Other than as heretofore found as to the imposition of a sentence of thirty years, instead of eleven years, the punishment fixed by the jury, we find no error in the record prejudicial to defendant.
The judgment of conviction should be affirmed. As to the sentence, we see no occasion to remand the cause. The sentencing process was regular; the only mistake made was as to the term of imprisonment, which had already been finally and legally fixed by the jury, leaving no discretionary act for the trial court to perform. Appellant is entitled only to a reduction of the term of his sentence from thirty years to eleven years imprisonment. This can, and should be, accomplished by an order of this Court correcting and modifying his sentence accordingly. The sentence should be corrected and modified by this Court so as to sentence defendant to eleven years imprisonment in the penitentiary, instead of thirty, and as thus modified the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
MODIFIED AND AFFIRMED.
All the Judges concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).