**Jesse William BRYSON, Plaintiff–Appellant,**

v.

**STATE OF ALABAMA, Circuit Court of Cherokee County, Centre, Alabama, Defendant–Appellee.**

No. 79–3492.

United States Court of Appeals, Fifth Circuit. Unit B

Jan. 20, 1981.

---

Jack W. Smith, Dothan, Ala., for plaintiff–appellant.

Robert F. Tweedy, Jane Lecroy Brannon, H. Ward McMillan, Jr., Asst. Attys. Gen., Montgomery, Ala., for defendant–appellee.

Before MORGAN, KRAVITCH and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This is an appeal from the district court's denial of a motion filed pursuant to 28 U.S.C. § 2254 for habeas corpus relief from a conviction and sentence imposed upon Jesse William Bryson by the Alabama state courts.

In February, 1972, a Gaylesville, Alabama, general store was allegedly robbed at gunpoint of approximately $400. In November, 1974, an Alabama jury convicted Bryson of participating in the crime and sentenced him to 40 years in the state penitentiary. The conviction was affirmed on appeal. *Bryson v. State*, 57 Ala.App. 278, 327 So.2d 916 (Ala.Cr.App.1975), *cert. denied*, 295 Ala. 393, 327 So.2d 919 (1976).

In April, 1978, Bryson applied to the Northern District of Alabama for a writ of habeas corpus. He contended, as he had in state court, that he was denied due process by the state district attorney's allegedly improper reference during trial to the fact that shortly before the robbery Bryson had

escaped from a Georgia penitentiary where he had been serving time for a prior conviction.[1] After considering a responsive pleading by the state, which included a copy of the trial transcript and a reply by Bryson, the district court issued an opinion stating that in spite of what the court considered "a totally erroneous ruling by the trial court as to the admissibility of evidence of a previous offense," the error, in light of the overwhelming evidence of Bryson's guilt, did not render the trial fundamentally unfair, and thus did not permit an award of habeas corpus relief. The district court therefore denied the writ. The district court subsequently denied Bryson's motion for a certificate of probable cause to appeal because Bryson's efforts to perfect an appeal had not been timely made.

■ In September, 1979, Bryson filed another petition for habeas corpus. The district court concluded that the issue it presented was identical to the issue presented in the previous petition considered and ruled upon by the court. The court adhered

to its ruling in the prior case and denied the petition without requiring the state to respond to a show cause order. *See Moore v. Estelle*, 526 F.2d 690, 696 (5th Cir.), *cert. denied*, 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1192 (1976) (successive petitions subject to dismissal without hearing). Within thirty days Bryson filed a notice of appeal and a motion for certificate of probable cause. Finding the issue raised by the petition to be of "sufficient significance," the district court granted the motion.[2]

■ As the district court concluded, the testimony as to Bryson's prior Georgia conviction and escape elicited by the district attorney's questioning of Self was admitted in violation of state evidentiary rules.[3] However, as the district court recognized, "[t]he Fifth Circuit's resistance to challenges to evidentiary matters by habeas is firmly established." *Woods v. Estelle*, 547 F.2d 269, 271 (5th Cir.1977). A violation of state evidentiary rules will not in and of itself invoke Section 2254 habeas corpus relief. The violation must be of such a

---

1. At the trial, Bryson did not testify in his own behalf. The only evidence offered in his defense was the testimony of Mrs. Lucille Self, Bryson's sister, to the effect that in January, 1972, the month prior to the alleged robbery, Bryson had been at Self's house in Georgia and while there had had his hair trimmed and dyed black. Self further testified that in the middle of January, 1972, she had helped Bryson catch a bus in Chattanooga, Tennessee, bound for Cincinnati, Ohio. The district attorney cross-examined Self as follows:

CROSS–EXAMINATION
BY MR. BLACK:
Q Now, at the time you said you dyed your brother's hair and sideburns in January, 1972, how many days was that after he escaped from the Georgia penitentiary?
MR. WILSON: Objection, Your Honor. There is no testimony. . . .
MR. BLACK: We expect there will be.
A I really don't know.
COURT: Overruled.
Q How many days was it after he escaped from [t]he Georgia road gang.
A I don't know.
Q Well, he was in a Georgia penitentiary and he escaped, didn't he?
MR. RAINS: I object, Your honor.
COURT: Overruled.
Q That is correct, isn't it?
A That is what I was told.
Q Well, he told you he escaped, didn't he?

A Well, I was pretty sure it was right.
Q He did tell you he escaped and wanted you to help hide him, didn't he? That's true, isn't it?
A I wasn't hiding him.
Q Well, you helped him put dye on his hair?
A I helped put dye on his hair.
Q You helped put dye on his hair and carried him to Chattanooga, is that right?
A Yes, because he asked me to.
Q He asked you to?
A Yes.
Q And you say you are his sister?
A Right.
MR. BLACK: That's all.
The defense then rested.

2. The district court's decision to grant the motion was proper. Bryson's failure to perfect an appeal to the initial rejection of his claim does not deprive this Court of jurisdiction to consider the merits of the rejection properly appealed from here. *See generally* Advisory Committee Note, Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts; *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

3. In this regard, see the opinion of the four Alabama Supreme Court justices dissenting from that court's decision to deny a writ of certiorari. 327 So.2d at 919–20.

magnitude as to constitute a denial of "fundamental fairness." *Meyer v. Estelle*, 621 F.2d 769, 771 (5th Cir.1980); *Cronnon v. Alabama*, 587 F.2d 246, 250 (5th Cir.), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979); *Corpus v. Estelle*, 571 F.2d 1378, 1381 (5th Cir.), *cert. denied*, 439 U.S. 957, 99 S.Ct. 359, 58 L.Ed.2d 350 (1978); *Anderson v. Maggio*, 555 F.2d 447, 451 (5th Cir.1977); *Woods v. Estelle*, 547 F.2d 269, 271 (5th Cir.), *cert. denied*, 434 U.S. 902, 98 S.Ct. 297, 54 L.Ed.2d 188 (1977); *Hills v. Henderson*, 529 F.2d 397, 400–01 (5th Cir.), *cert. denied sub nom.*, *Hills v. Maggio*, 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976).

■ As a guideline to applying this criterion of fundamental fairness, this Circuit has repeatedly stated that the erroneous admission of prejudicial evidence can justify habeas corpus relief only if the error was "material in the sense of a crucial, critical, highly significant factor." *Hills v. Henderson, supra*, 529 F.2d at 401, *quoting Corpus v. Beto*, 469 F.2d 953 (5th Cir.1972), *cert. denied*, 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162 (1973); see *Corpus v. Estelle, supra*, 571 F.2d at 1381; *Anderson v. Maggio, supra*, 555 F.2d at 451; *Woods v. Estelle, supra*, 547 F.2d at 271.

■ In this case, as the district court concluded, the evidence of Bryson's guilt was overwhelming. Bryson was positively identified by two witnesses as a participant in the crime. *Bryson v. State, supra*, 327 So.2d at 916–17. Further, his alibi defense was extremely weak. *See* note 1, *supra*. Because the evidence of guilt was overwhelming, there is little question that the district court was correct in deciding that the mention of Bryson's escape from a Georgia prison was not a "crucial, critical,

highly significant factor" in the jury's determination of Bryson's guilt and thus did not justify granting Bryson habeas corpus relief from his conviction. *See Woods v. Estelle, supra*, 547 F.2d at 271.

The district court neglected to consider, however, whether the erroneous admission of the prior conviction testimony justified granting Bryson habeas corpus relief from the sentence that was imposed upon him.[4] Under Alabama law at the time of Bryson's offense and trial, "the sole authority for fixing the punishment [in robbery cases] was in the jury that determined the issue of guilt or innocence." *Lamar v. State*, 370 So.2d 349, 350 (Ala.Cr.App.1979); see *Wilson v. State*, 268 Ala. 86, 105 So.2d 66, 71 (1958).[5] The Alabama courts have explained that under this law "the jury in effect wore blinders in fixing punishment. The jury was not allowed to hear evidence of a defendant's prior criminal acts ..." *Ard v. State*, 362 So.2d 1320, 1322 (Ala.Cr.App.1978).

■ Here, as a result of the erroneous evidentiary ruling, the jury improperly heard evidence of Bryson's prior criminal acts. A review of the record indicates that the fact that the jury heard such evidence was a "crucial, critical, highly significant factor" in their decision to impose on Bryson a sentence of imprisonment 30 years greater than the statutory minimum. The sentencing dimension of Bryson's trial was for this reason fundamentally unfair and Bryson is accordingly entitled to habeas corpus relief from the sentence.

We REVERSE the district court's denial of habeas corpus relief insofar as it leaves standing the petitioner's 40 years' sentence, and the case is REMANDED for further proceedings.[6]

---

4. In his petition, Bryson contended that the error had rendered his sentence "illegal."

5. Section 415 of Title 14 of the 1940 Code of Alabama, which was amended by the 1975 Code, provided as follows:

Any person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years.

6. A new proceeding limited to resentencing is appropriate provided it is not inconsistent with petitioner's constitutional rights. In this regard see, *e. g., Witherspoon v. Illinois*, 391 U.S. 510, 522 n.21, 88 S.Ct. 1770, 1777 n.21, 20 L.Ed.2d 776 (1968), and *Stephens v. Zant*, 631 F.2d 397 (5 Cir.1980) (convictions upheld but cases remanded for resentencing). *Cf. Gutierrez v.*

*State*, 348 So.2d 1074, 1076 (Ala.Cr.App.), *aff'd*, 348 So.2d 1077 (Ala.1977) (conviction upheld but case remanded for new trial before second jury for fixation of punishment where judge improperly usurped jury's function of fixing punishment).