Tolbert **DICKSON**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Respondent-Appellee.

No. 81–5013.

United States Court of Appeals, Eleventh Circuit.

Aug. 16, 1982.

Larry M. Roth, Rumberger, Kirk, Caldwell & Cabaniss, Orlando, Fla., for petitioner-appellant.

Max Rudmann, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Petitioner Tolbert Dickson sought in the district court a writ of habeas corpus under 28 U.S.C. § 2254. In 1975 Dickson was found guilty of sexual battery in violation of Florida Statutes § 794.011(3)[1] and sentenced to thirty years imprisonment. On direct appeal the state's intermediate appellate court affirmed without opinion, and the Florida Supreme Court declined review. *Dickson v. State*, 349 So.2d 1240 (Fla. 4th Dist.Ct.App.), *cert. denied*, 354 So.2d 980 (Fla.1977). Dickson's requests under Fla.R.

---

1. That statute provides: "A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony...."

Crim.Pro. 3.850 for post-conviction relief were similarly unavailing. The trial court denied such relief without an evidentiary hearing on Dickson's claims, and the state appellate court affirmed without opinion. In the federal district court, Dickson's *pro se* petition for habeas relief was denied without an evidentiary hearing.

On appeal Dickson argues that the district court erred (1) in concluding that there was sufficient evidence to prove the essential elements of the crime beyond a reasonable doubt, (2) in concluding that an alleged evidentiary error by the state trial court and alleged prosecutorial misconduct did not deprive him of a fair trial, and (3) in denying his ineffective assistance of counsel claim without an evidentiary hearing.

On the authority of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Dickson contends that he is entitled to federal habeas relief because no rational trier of fact could have found proof of guilt beyond a reasonable doubt from the evidence adduced at trial. We disagree. Having reviewed the trial record and viewing the evidence in the light most favorable to the prosecution, *id.* at 319, 99 S.Ct. at 2789, we conclude that a rational trier of fact could have found the essential elements of the crime of sexual battery as defined in Fla.Stat. § 794.011 beyond a reasonable doubt. Dickson's conviction therefore does not violate the due process clause of the fourteenth amendment.

Dickson further complains that the state trial judge erred in admitting into evidence a knife that prosecution witnesses identified as similar to a knife they had seen the defendant use on the evening of the offense [2] and the arresting officer testified he retrieved from the defendant's person on the night of the offense. Transcript at 171–72. An evidentiary error does not justify habeas relief unless the violation results in a denial of fundamental fairness. *Anderson v. Maggio*, 555 F.2d 447, 451 (5th Cir. 1977) (citing *Woods v. Estelle*, 547 F.2d 269 (5th Cir.), *cert. denied*, 434 U.S. 902, 98 S.Ct. 297, 54 L.Ed.2d 188 (1977)). "As a guideline to applying the criterion of fundamental fairness, the erroneous admission of prejudicial evidence can justify habeas corpus relief only if it is 'material in the sense of a crucial, critical, highly significant factor.' " *Id.* (citing *Hills v. Henderson*, 529 F.2d 397 (5th Cir.), *cert. denied sub nom. Hills v. Maggio*, 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976). The questioned admission, if it be error, clearly cannot meet this standard.

Dickson maintains nevertheless that this error, when combined with the prosecutorial misconduct alleged, rises to error of constitutional proportions. We reject this argument. The purported misconduct occurred when on cross-examination the prosecutor, while questioning Dickson's response that he had been convicted on only three prior occasions, apparently perused within the jury's view a copy of Dickson's rap sheet.[3] Out of the jury's presence the trial judge admonished the prosecutor for display of the rap sheet, but denied the defense motion for a mistrial. When trial resumed Dickson again answered he had only three prior convictions, and the prosecutor pursued the matter no further. Although we do not approve of the prosecutor's conduct, we cannot conclude that it constituted prejudicial error. Nor can we

---

**2.** The victim's mother testified that the knife was similar to the one Dickson had pulled on her in a bar room dispute prior to the offense. Transcript at 82. The victim, a 12-year-old girl who viewed the knife in a dimly lit room only as Dickson placed it against her neck, could not positively identify the knife but testified it was similar to the knife used in connection with the sexual battery. *Id.* at 108–09. The victim's brother testified that the defendant drew a knife on him when he apprehended the defendant in flight after the offense. Like his mother and sister, however, he could not positively identify the state's exhibit as the actual knife. *Id.* at 153.

**3.** The colloquy was as follows:

Q. Have you ever been convicted of a crime?

A. Yes, sir.

Q. How many times?

A. Three times.

Q. Are you sure it was only three times?

Transcript at 252.

agree that this incident rendered Dickson's trial fundamentally unfair. *See Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980); *Times v. Wainwright*, 482 F.2d 935 (5th Cir. 1973). The conduct was of an isolated nature, and there was ample evidence of Dickson's guilt. In sum, we believe that the evidentiary ruling and the prosecutor's conduct did not either alone or in tandem deprive Dickson of a fundamentally fair trial in violation of his due process rights.

Dickson's third claim is that he was entitled to an evidentiary hearing on his allegation that he was deprived of effective assistance of counsel. Dickson complained specifically that his trial counsel failed to explore in depth the issues of animus, prior bias, or ulterior motive on the part of the victim and her mother,[4] to interview and call witnesses who could have provided support for Dickson's defense, and to spend adequate time conferring with him during the pretrial period about defense theories to be pursued.

On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel. *Baldwin v. Blackburn*, 653 F.2d 942 (5th Cir. 1981). We find such to be the case at least with respect to Dickson's contention that his trial attorney did not adequately pursue at trial the issue of bias on the part of certain prosecution witnesses. The trial transcript reveals that Dickson's counsel engaged in extensive cross-examination of the victim, her mother, and her brother, questioning the mother at length on her prior relationship with Dickson and their dispute on the evening of the incident. Trial counsel also examined Dickson in detail on these points when he took the stand. As the district court noted, this testimony provided ample evidence from which the jury could draw its own conclusions regarding any ulterior motive or bias.

The claim that Dickson's counsel was ineffective in his *pretrial* preparations gives us more pause. Dickson's petition alleged that he informed his attorney of witnesses who could aid his defense, that the attorney did not interview some of these, and consequently that they did not appear at trial on his behalf. In the post-conviction proceedings in the state trial court, the court requested a response from Dickson's trial counsel, who submitted an affidavit stating "he personally interviewed or had an investigator . . . take statements of all persons furnished to the attorney by Tolbert Dickson who had knowledge relevant to this case." Record, vol. I, at 136. On the basis of Dickson's general allegation and trial counsel's general denial, both the state court and the federal district court denied Dickson's requests for relief without an evidentiary hearing.

We emphasize that the burden is on the petitioner in a habeas corpus proceeding to allege sufficient facts to support the grant of an evidentiary hearing and that this court will not "blindly accept speculative and inconcrete claims" as the basis upon which a hearing will be ordered. *Baldwin v. Blackburn*, 653 F.2d 942, 947 (5th Cir. 1981). Dickson's petition neither identifies the potential witnesses his counsel failed to interview nor states the substance of the testimony they could give to assist his defense.[5] However, treating with liberality Dickson's *pro se* petition, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30

---

4. At the time of the offense, Dickson had been living with the victim's mother for approximately three months. Just hours before the offense, the victim's mother had informed Dickson that their relationship was over.

5. To aid us in the resolution of this appeal, we ordered the submission of the entire state court record in Dickson's case. It appears from the record in the state post-conviction proceedings that Dickson at one time attempted to be more specific in his allegations, giving the first names of two potential witnesses whom he suggested his attorney contact, but who were not called at trial. He also allegedly advised the attorney how to locate these two persons. Defendant's Memorandum of Law in Support of Motion to Vacate and Set Aside Judgment and Sentence at 2. On remand the district court might profitably request and review this file.

L.Ed.2d 652 (1972) (per curiam), we believe that it, taken together with trial counsel's affidavit, raises at least an *apparent* factual dispute regarding the effectiveness of counsel's pretrial preparation. Because the genuineness of this dispute and its proper resolution could not be determined conclusively from the record before the district court, we conclude that the matter merited further inquiry and that the district court's denial of Dickson's claim without a hearing was premature.

We would not foreclose any avenue by which the district judge might further investigate this issue on remand and therefore do not mandate an evidentiary hearing. Habeas corpus is a civil proceeding in which a number of tools are available to the district judge to illumine matters presented in the petition. The propounding of interrogatories to the petitioner may suffice to indicate there is no substance to the allegations of pretrial ineffectiveness. On the other hand, it may become apparent that Dickson can point to specific incidents of ineffectiveness and that an evidentiary hearing is necessary to test the truthfulness of Dickson's allegations.

VACATED and REMANDED.