DANIEL, John Robert

v.

WARDEN, STATE CORRECTION INSTI-
TUTION AT HUNTINGDON, PA. and
the Attorney General of the State of
Pennsylvania.

Appeal of John Robert DANIEL.

No. 85–1464.

United States Court of Appeals,
Third Circuit.

Argued June 17, 1986.

Decided July 8, 1986.

Steven A. Morley (argued), Philadelphia, Pa., for appellant.

Joseph C. Madenspacher (argued), First Asst. Dist. Atty., Henry S. Kenderdine, Jr., Dist. Atty., Lancaster, Pa., for appellees.

Before SEITZ, HUNTER, and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

John Robert Daniel appeals from the district court's denial of his petition for a writ of habeas corpus. Daniel argued unsuccessfully in the courts below that his state court convictions violate his fifth amendment right against double jeopardy. Daniel raises the merits of this argument in this appeal, but preliminarily contends that the lower court erred in applying the presumption of correctness under 28 U.S.C. § 2254(d) (1982) to the state court determination that his double jeopardy right had not been violated. We agree that the court below should not have applied the section 2254(d) presumption, but conclude that Daniel's double jeopardy rights were not abridged.

## I.

On the evening of August 24, 1974, Daniel and three other men entered the Green Acres Inn in Parkesburg, Chester County, and sought out the proprietor, Norman Warner. After Daniel struck Warner, the other men led Warner to a car. Daniel then returned to the car and a codefendant drove them into Lancaster County. Sometime during the ride, Daniel banged the roof of the car and screamed that he would kill Warner. Once the car was stopped in Lancaster County, Daniel and the other men severely beat and robbed Warner of $200.00, left him by the side of the road, and returned to Chester County.

Chester County authorities filed charges against Daniel on August 24, 1974 for three counts of simple assault, two counts of aggravated assault, two counts of kidnapping, one count of felonious restraint, one count of terroristic threats, two counts of robbery, and one count of criminal conspiracy. Six weeks later, Daniel was charged in Lancaster County with one count of aggravated assault, one count of robbery, and one count of terroristic threats. In February 1975, the Chester County court dismissed several counts of the Chester County complaint on the ground of lack of jurisdiction. Daniel was then tried and convicted of two counts of simple assault, one count of kidnapping, and one count of terroristic threats in Chester County.

In March 1975, Daniel was convicted of each of the three charges against him in Lancaster County. He was sentenced first in Lancaster County to a term of two and one-half to five years incarceration and then to a consecutive prison term in Chester County of one and one-half to three years. The Chester County convictions were affirmed in Pennsylvania appellate courts and are not the subject of this appeal.

After his conviction, Daniel filed the first of three habeas corpus petitions under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. The court dismissed this petition, holding that Daniel had failed to exhaust state remedies. After pursuing state remedies, Daniel filed another petition for habeas corpus relief, alleging that he was denied effective assistance of counsel, that he had been placed in jeopardy twice, and that he was deprived of a speedy trial. The district court approved a magistrate's report and recommendation, which recommended dismissing the double jeopardy and speedy trial issues on the merits as well as the ineffectiveness of counsel claim on exhaustion grounds.

After pursuing his state remedies on the ineffectiveness of counsel claim, Daniel filed a third petition under section 2254, raising, *inter alia*, his double jeopardy claim. A magistrate issued a report and recommendation to dismiss the petition. In suggesting dismissal of the double jeopardy claim, the magistrate relied primarily on his ruling on Daniel's second petition that the prior state court determination on the double jeopardy issue was presumed cor-

rect under 28 U.S.C. § 2254(d). The district court adopted this report and recommendation. On December 4, 1985, we granted a certificate of probable cause to appeal.

## II.

Before we reach the issues petitioner Daniel raises in this appeal, we must first address respondent's contention that Daniel has waived his right to raise his double jeopardy claim. Respondent points out that Daniel raised the double jeopardy claim in his second habeas corpus petition and subsequently failed to appeal the district court's dismissal of the merits of the claim. Building on this observation, respondent argues that the instant appeal is, in effect, an untimely appeal from the district court's ruling on the second petition. Thus, respondent contends, Federal Rule of Appellate Procedure 4(a), requiring the filing of an appeal within thirty days of the district court's order, divests this court of jurisdiction over the present case.

■ We are not convinced by respondent's characterization of this appeal. Confronted with the district court's disposition of his second petition, Daniel had a choice between pursuing the denial on the merits of his double jeopardy and speedy trial claims in federal court or returning to state court for an adjudication of his ineffective assistance of counsel claims. Daniel's choice of the latter course accords with the policy, long enforced by federal courts, of exhaustion of state remedies. Indeed, under current authority, the avenue of federal court appeal would not have been open to Daniel. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).[1] For these reasons, we hold that Daniel's failure to appeal from the initial rejection of his claim does not deprive this court of jurisdiction to consider the claim now. *Accord Bryson v. Alabama*, 634 F.2d 862, 864

n. 2 (5th Cir.1981); *Zimmerman v. Spears*, 565 F.2d 310, 317 (5th Cir.1977).

## III.

We now turn to Daniel's claim that the district court improperly applied the presumption of correctness under 28 U.S.C. § 2254(d) to the prior state court determination of his double jeopardy claim. In addressing the double jeopardy claim in Daniel's third petition, the magistrate relied on the test for evaluating successive applications for federal habeas corpus relief articulated in *Sanders v. United States*, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 1077–78, 10 L.Ed.2d 148 (1963). In *Sanders*, the Court held that

> [c]ontrolling weight may be given to denial of a prior application for federal habeas corpus ... only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Id.* 373 U.S. at 15, 83 S.Ct. at 1077. Applying each of these factors, the magistrate concluded that his prior ruling on Daniel's double jeopardy claim in the second petition was controlling on the issue in the third petition. Thus, the magistrate's report, as adopted by the district court, did not consider the merits of Daniel's double jeopardy claim.

■ We agree with Daniel that the district court erred in adopting the magistrate's application of *Sanders* to the double jeopardy issue. In his prior adjudication of the double jeopardy claim, the magistrate effectively applied the presumption of correctness of 28 U.S.C. § 2254(d) to the state court determination that Daniel's right against double jeopardy had not been vio-

---

1. In *Rose*, the Court delineated the appropriate disposition for a district court ruling on a petition containing some claims on which state remedies have been exhausted and others on which state remedies are still available. The *Rose* Court held that the district court must dismiss such a petition and leave to the petitioner the choice of returning to state court, or amending or resubmitting the petition to present only the exhausted claims to the district court. 455 U.S. at 510, 102 S.Ct. at 1199.

lated by his conviction and sentencing in two counties.[2] The presumption of section 2254(d), however, is applicable only to findings of fact made by a state court. Since the issue whether Daniel was placed in jeopardy twice does not present a pure question of fact, the magistrate improperly applied the presumption. *See Pryor v. Rose*, 724 F.2d 525, 528 (6th Cir.1984). *Cf. Miller v. Fenton*, —— U.S. ——, 106 S.Ct. 445, 454, 88 L.Ed.2d 405 (1985) (voluntariness of a confession not entitled to section 2254(d) presumption); *Sumner*, 455 U.S. at 597, 102 S.Ct. at 1306 (constitutionality of pretrial identification procedures is a mixed question of law and fact not entitled to section 2254(d) presumption). Because of this error, the third requirement of the *Sanders* test was not met here. The ends of justice would have been best served by plenary federal review of the double jeopardy claim. Accordingly, the district court erred in adopting the report and recommendation of the magistrate.[3]

## IV.

We finally turn to the merits of Daniel's double jeopardy claim. The essence of Daniel's argument is that when he was tried on robbery, aggravated assault, and terrorist threats charges in Lancaster County, the Commonwealth, in effect, had prosecuted him for these charges already in the Chester County trial.

▆▆▆ Daniel's double jeopardy claim fails because the Chester County court had no jurisdiction to try him for his Lancaster County crimes. Under established law, individuals are not put in jeopardy unless the court that tried them the first time had jurisdiction to try them for charges they later seek to avoid. *See Grafton v. United States*, 206 U.S. 333, 345, 27 S.Ct. 749, 751, 51 L.Ed.2d 1084 (1907); *United States v. Ball*, 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896). In determining whether the Chester County court had jurisdiction over Daniel's Lancaster County charges, we must look to state law. *Stephens v. Zant*, 631 F.2d 397, 401 (5th Cir. 1980), *rev'd on other grounds*, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983). In cases such as this, the jurisdiction of Pennsylvania trial courts extends only to offenses committed in the county where the trial court is located. *See, e.g., Commonwealth v. Nichelson*, 294 Pa.Super. 438, 445, 440 A.2d 545, 549 (1982). Because the offenses for which Daniel was

---

2. In his report and recommendation concerning Daniel's second petition, the magistrate wrote:

   The factual allegations are not materially in dispute and the legal issues were developed in the state court proceeding. The state judge has thoroughly reviewed the contentions of petitioner and filed a detailed opinion dismissing them. Under these circumstances, the written opinion of the state court is presumed to be correct under 28 U.S.C. § 2254(d), where petitioner has failed to allege any facts whatsoever to challenge this presumption. He merely contends that the conclusions were incorrect without reference to any factual issue not reviewed by the state court. Thus, there does not appear to be any "issue of fact" raised on these claims and therefore as to the double jeopardy and speedy trial claims, the petition should be dismissed. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Nor does it appear that the state courts that have considered these claims have failed to apply the correct standard of law. *See Rogers v. Richmond*, 365 U.S. 534, 546, 81 S.Ct. 735, 742, 5 L.Ed.2d 760 (1961).

   App. at A67. This passage could be fairly read as establishing a proper distinction between underlying facts, which are entitled to the section 2254(d) presumption, and questions of law, which are not. *See Sumner v. Mata*, 455 U.S. 591, 597, 102 S.Ct. 1303, 1306, 71 L.Ed.2d 480 (1982). Nevertheless, in his report and recommendation concerning Daniel's third petition, the magistrate described his prior decision in a manner indicating that he had not fully evaluated the legal questions behind Daniel's double jeopardy claim: "Petitioner's contention of double jeopardy was previously litigated on the merits in the case of *U.S. ex rel. Daniel v. Warden, supra* [second petition]. At that time it was held that since the petitioner failed to raise any 'issue of fact,' as to the matter of double jeopardy, the opinion of the state court is presumed correct pursuant to 28 U.S.C. § 2254(d)." App. at A10.

3. In so holding, we note that Daniel objected to the magistrate's report and recommendation as to his third petition, raising the magistrate's error in previously applying the section 2254(d) presumption and thereby preserving the issue for our review.

tried in Lancaster County did not occur in Chester County, the Chester County court had no jurisdiction over these offenses.

Daniel further argues that some of the elements of the offenses for which he was convicted in Chester County overlap the elements of offenses for which he already had been convicted in Lancaster County. Daniel points to his kidnapping conviction in Chester County, alleging that it included the assault for which he was convicted in Lancaster County. Daniel argues that this constitutes a violation of the double jeopardy clause. We have reviewed the elements of the offenses under Pennsylvania law and find that each conviction is supported by acts which occurred within the county wherein Daniel was charged and convicted.

### V.

For the foregoing reasons, we will affirm the order of the district court.