812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hollister E. ELLIOTT, Petitioner-Appellant,
v.
Norris H. McMACKIN, Supt., Respondent-Appellee.
 No. 86-3437.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1987.
 
 Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This Ohio state prisoner moves the Court for the appointment of counsel and in forma pauperis status in his appeal from a district court judgment dismissing his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Petitioner sought to attack his 1982 jury conviction of two (2) counts of aggravated robbery for which he was sentenced to 2 terms of seven (7) to twenty-five (25) years imprisonment each with the terms to run consecutively. His conviction was affirmed on appeal and the Ohio Supreme Court declined review.
 
 
 2
 Petitioner asserted three (3) issues in his habeas petition claiming: (1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional stop and search of the automobile in which the petitioner was riding; (2) petitioner was tried and convicted of charges that should have been dismissed because the police destroyed relevant and material evidence; and (3) petitioner's conviction was against the manifest weight of the evidence.
 
 
 3
 As to the first ground, since the petitioner received a full and fair opportunity to litigate his search and seizure claim in state court, he may not pursue federal habeas corpus relief on this ground. Stone v. Powell, 428 U.S. 465 (1976); Gilbert v. Parke, 763 F.2d 821 (6th Cir.1985).
 
 
 4
 As to the second issue, the record demonstrates that tape recordings of the telephone calls coming into the dispatcher at the police station were periodically erased and then put back into service. It was revealed that it was not until fifty-seven (57) days had elapsed that counsel for petitioner requested discovery of the tape recordings of the monitoring system in and out of the police department. A state evidentiary violation in and of itself does not support habeas corpus relief. Shaw v. Boney, 695 F.2d 528 (11th Cir.1983). Before such relief may be granted, the violation must rise to the level of a denial of fundamental fairness. Shaw v. Boney, id., citing Dickson v. Wainwright, 683 F.2d 348 (11th Cir.1982). Such an act did not rise to the level of the denial of fundamental fairness in this case in view of the length of time between the date the recordings were taped and the initial request and because there is no evidence that the erasure of the tapes was an intentional act.
 
 
 5
 Finally, as to the third issue, we conclude upon review of the state court findings of fact and upon our own independent review that there is sufficient evidence to support petitioner's conviction. See Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985); Jackson v. Virginia, 443 U.S. 307 (1979), reh. denied, 444 U.S. 890 (1979).
 
 
 6
 Since it is clear that the issues raised below have no merit, the petitioner's motion for appointment of counsel should be denied.
 
 
 7
 Accordingly, it is hereby ORDERED that the application to proceed in forma pauperis be granted and that the petitioner's motion for appointment of counsel on appeal be denied. Furthermore, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.