[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11704
Non-Argument Calendar
_____

D.C. Docket Nos. 1:13-cv-20496-MGC,
1:04-cr-20446-MGC-1

HERNAN PRADA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 19, 2017)

Before TJOFLAT, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Hernan Prada appeals the district court's dismissal of his 28 U.S.C. § 2255

motion to vacate.  He argues the district court abused its discretion by construing

his reply brief as an attempt to amend his original § 2255 motion and by denying that attempt. He also asserts the district court erred by denying his motion for an evidentiary hearing, leave to conduct discovery, and to expand the record. Lastly, he contends the district court erred by dismissing his § 2255 motion to vacate based on a claim of ineffective assistance of counsel. We find no merit in Prada's appeal and therefore affirm.

## I.

We review a district court's denial of a request for leave to amend a § 2255 motion for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1214 (11th Cir. 2003). Generally, after 21 days of service, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2); *see* 28 U.S.C. § 2255, Rule 12 (instructing that the Federal Rules of Civil and Criminal Procedure may be applied to the extent that they are not inconsistent therewith or with any statutory provisions).

The district court did not abuse its discretion by construing Prada's reply brief as an attempt to amend his original 28 U.S.C. § 2255 motion and by denying that attempt. Prada failed to move for leave to file an amended motion. Rather, Prada sought leave to file a reply. His reply called itself a response, not an amended motion. The district court granted leave to file the reply brief. Yet, he raised new issues in his reply. In his subsequent motions for an evidentiary

hearing, leave to conduct discovery, and to expand the record, Prada called his reply an amended motion. Therefore, the district court correctly construed Prada's reply as an attempt to amend his motion. Because Prada never sought leave to file an amended § 2255 motion, the amended motion was improperly filed and Prada was barred from raising new claims.

## II.

We review the district court's denial of discovery for abuse of discretion. *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1183 (11th Cir. 2014). We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

A habeas petitioner is not entitled to discovery as a matter of course. *Bracey v. Gramley*, 520 U.S. 899, 904 (1997). Leave of court is required to pursue discovery, which courts only grant for good cause. 28 U.S.C. § 2255, Rule 6. In order to show good cause, a petitioner must provide the court with specific allegations that show a reason to believe that the petitioner could, with fully developed facts, demonstrate he is entitled to relief. *Bracey*, 520 U.S. at 908–09.

Once a petitioner files a § 2255 motion, unless the motion and the record of the case conclusively show that the prisoner is not entitled to relief, the court grants a hearing, determines the issues, and makes findings of fact and conclusions of

law.  28 U.S.C. § 2255(b).  A petitioner is entitled to an evidentiary hearing if he alleges reasonably specific, non-conclusory facts that, if true, would entitle him to relief.  *Winthrop-Redin*, 767 F.3d at 1216.  However, district courts need not hold a hearing if the allegations are patently frivolous, or where the court can determine the merits of a petitioner's claims based upon the existing record.  *Dickson v. Wainwright*, 683 F.2d 348, 351 (11th Cir. 1982).

In general, if a motion is not dismissed, a judge may direct the parties to expand the record by submitting additional materials relating to the motion.  28 U.S.C. § 2255, Rule 7(a).  The purpose is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing.  *See* 28 U.S.C.A. § 2254, Rule 7 advisory committee notes.

The district court did not err by denying Prada's motions for an evidentiary hearing, for leave to conduct discovery, and to expand the record.  The files and records of the case conclusively show that Prada was not entitled to relief because most of the issues he raised were conclusory and speculative in nature.  28 U.S.C. § 2255(b).  He failed to offer facts showing he never participated in the several separate drug smuggling ventures that occurred within the statute of limitations period.  Rather, Prada claimed that a large quantity of intercepted phone calls, affidavits, and reports generated in the course of investigations of numerous other

4

drug traffickers, some of whom were associated with Prada, failed to produce evidence of Prada's offense.  However, the lack of evidence from the other cases and drug traffickers failed to negate the testimony of the six witnesses that placed Prada within the conspiracy after July 2, 2013.  The existing record provided ample evidence for the district court to determine the merits of Prada's claims.  *Dickson*, 683 F.2d at 351.

Secondly, Prada failed to show good cause for the requested discovery.  He failed to show how the wiretap materials related to Astaiza's extradition would impact the court's resolution of the issues raised in his motion to vacate.  Even if fully developed, the wiretap information would not demonstrate that Prada was entitled to relief.  The information did not show that Ataiza perjured himself, the government withheld information, or Prada's counsel failed to find pertinent information.  Additionally, Prada's allegation regarding the relevance of the alleged informant file of Solano was merely a conclusory allegation.  Prada failed to suggest what evidence might come to light in the informant file, or how it would assist his claims and entitle him to relief.  *Bracy*, 520 U.S. at 908–09.

Finally, because the record was sufficient to determine the merits of the case, expanding the record was unnecessary.  Because expanding the record is fully within the district court's discretion pursuant to 28 U.S.C. § 2255, Rule 7(a), the district court did not err by denying Prada's motion to expand the record.

III.

In considering an appeal from the denial of a 28 U.S.C. § 2255 petition, we review findings of fact for clear error and questions of law *de novo*. *Lynn v. United States*, 365 F.3d 1255, 1232 (11th Cir. 2004). A prisoner may petition the court to set aside or correct a sentence based on a claim that the court imposed his conviction in violation of the Constitution. 28 U.S.C. § 2255.

The Sixth Amendment entitles criminal defendants to the effective assistance of counsel. *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009). In order to prevail on such claims, a prisoner must show by a preponderance of the evidence that counsel's performance was deficient, and the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). To meet the prejudice requirement, a petitioner must show a reasonable probability of deficient performance sufficient to undermine confidence in the outcome. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). The petitioner must demonstrate that but for the counsel's ineffective assistance, the results of the proceedings would have differed. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). When examining counsel's performance, we strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690. Even if counsel's decision appears unwise in retrospect, the decision was

ineffective assistance only if so patently reasonable that no competent attorney would have chosen it. *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983).

The district court did not err by dismissing Prada's 28 U.S.C. § 2255 motion to vacate based on a claim of ineffective assistance of counsel.[1]  Even if a reasonable attorney would have investigated the December 1999 load with increased vigor, requested undisclosed evidence and the Millennium Operation recordings, or raised the issue that Solano was an informant and requested his file, Prada failed to demonstrate that had his attorney undertaken these actions, there was a reasonable probability in a different outcome for his case, as the aforementioned materials would not disprove his guilt. *See Chandler*, 218 F.3d at 1314.

**AFFIRMED.**

---

[1] On appeal, Prada does not argue that his trial counsel was ineffective based on counsel's failure to object to testimony.  Therefore, this issue is limited to whether trial counsel was ineffective based on failing to properly investigate.  Notably, Prada did not allege Solano was an informant or that his counsel failed to investigate Solano in his original § 2255.

7